IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH INC., and DR. NAZIR MIR, | ) |
| Plaintiffs / Counterclaim Defendants, | ) ) ) |
| v. | ) Civ. No. 20-1170-RGA ) |
| AGROFRESH INC., | ) ) |
| Defendant / Counterclaim Plaintiff. | ) ) |

**MEMORANDUM OPINION**

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, Delaware. *Counsel for Plaintiffs.*

Chad S.C. Stover, BARNES & THORNBURG LLP, Wilmington, Delaware; Jessica M. Lindemann, BARNES & THORNBURG LLP, Indianapolis, Indiana. *Counsel for Defendant.*

September 21, 2021
Wilmington, DE


ANDREWS, U.S. DISTRICT JUDGE:

Several years ago, Plaintiffs Dr. Nazir Mir and MirTech Inc. (collectively, the "Mir Parties") and Defendant AgroFresh Inc. settled litigation involving claims of fraud, breach of contract, trade secret misappropriation, and other torts. The parties now assert several claims against each other based on the terms of that settlement.

Pending before the Court is AgroFresh's motion to dismiss the Mir Parties' Amended Complaint and the Mir Parties' motion to dismiss AgroFresh's Counterclaims. (D.I. 17; D.I. 33). The Mir Parties have also moved to strike several allegations in AgroFresh's Counterclaims. (D.I. 33). For the following reasons, AgroFresh's motion to dismiss is granted, the Mir Parties' motion to dismiss is denied, and the Mir Parties' motion to strike is granted in part and denied in part.

I. **BACKGROUND**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

A. **The Parties**

In the early 1990s, researchers at North Carolina State University created a synthetic gas compound, 1-methylcyclopropene ("1-MCP"), which is used to prevent produce from over-ripening before it reaches consumers. (D.I. 19 ¶¶ 10-11). AgroFresh is an industry leader in the research, development, and commercial use of stabilized 1-MCP to treat produce, both pre- and post-harvest. (*Id.* at ¶ 14).

Dr. Nazir Mir is an "agriculture research scientist" at Michigan State University who has researched and developed 1-MCP applications for several agricultural crops. (D.I. 13 ¶ 15). Dr. Mir is also the sole owner of MirTech. (*Id.* at ¶ 2). MirTech Inc. is a R&D company with expertise on developing technologies for fresh-cut produce, whole produce, meat, poultry, fish, Ready-to-eat meals, and frozen foods. (*Id.* at ¶ 14).

1

### B. The Commercial and Consulting Agreements

In 2011, AgroFresh and the Mir Parties executed two contracts: a Commercial Agreement and a Consulting Agreement (collectively, the "Agreements"). (D.I. 13 ¶ 19). The Commercial Agreement commenced on January 1, 2011, and continued until December 31, 2020 or the expiration of certain patents. (D.I. 13-2, Ex. A § 1). The Consulting Agreement began on January 1, 2011 and through various extensions continued until December 31, 2016. (*Id.*, Ex. B § 1).

Under those Agreements, the Mir Parties agreed to provide AgroFresh specified services including, but not limited to, "research, development, marketing and sales services related to" combining micro-perforated films ("MAP") and 1-MCP. (*Id.*). In exchange, AgroFresh would pay the Mir Parties under the Consulting Agreement the greater of either $300,000 or 4% of AgroFresh's annual net sales of the Products. (D.I. 13 ¶ 22 (citing Ex. B §§ 3.1 & 1)). Under the Commercial Agreement, AgroFresh would pay the Mir Parties 4% of its annual net sales of the Products. (D.I. 13 ¶ 23 (citing Ex. A §§ 3.1 & 1)). The last payment AgroFresh made to the Mir Parties was in June 2016 for $37,500. (D.I. 13 ¶¶ 54, 74). The Mir Parties allege that the total amount it was paid in 2016—$75,000—does not equal 4% of net sales of the Agreements' Product.

### C. The Settlement Agreement

In August 2016, AgroFresh filed a lawsuit in this Court captioned *AgroFresh Inc. v. MirTech, Inc.*, Case No. 16-662-JFB-SRF (D.Del.) (the "Underlying Lawsuit"). (D.I. 13 ¶ 26). In the Underlying Lawsuit, AgroFresh asserted claims against the Mir Parties for fraud, breach of contract, trade secret misappropriation, and other torts. In September 2017, the Court approved a Final Consent Judgment that, along with a Private Settlement Agreement, resolved AgroFresh's claims against the Mir Parties. (D.I. 13-10).

Two provisions of the Private Settlement Agreement are particularly relevant to the current dispute. Section 2 contains an "all necessary paperwork" clause stating that the Mir Parties "agree

2

to execute any and all paperwork necessary to confirm, perfect, and/or accomplish the assignments of any such inventions, discoveries, or improvements to AgroFresh within thirty (30) days of the Effective Date." (D.I. 13-2, Ex. C § 2).

Section 3 contains a "Delayed Enforcement" clause stating, in relevant part, that AgroFresh agrees not to execute on the Final Judgment against the Mir Parties in the amount of $340,000 "for a period of eight years from the Effective Date, provided that [the Mir Parties] perform all their obligations under this Agreement … provided further that in the event [the Mir Parties] breach any part of this Agreement … the full Settlement Amount of the Final Consent Judgment [$340,000] shall become immediately due and enforceable." (*Id.* at § 3).

## II.  LEGAL STANDARDS

### A. Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive the motion to dismiss, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Twombly*, 550 U.S. at 555. In assessing the plausibility of a claim, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, documents incorporated by reference, and items subject to judicial notice. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### B. Rule 12(b)(1)

An action may be dismissed under Rule 12(b)(1) for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III. DISCUSSION

The Court will first address AgroFresh's motion to dismiss, then address the Mir Parties' motion to dismiss and motion to strike.

### A. The Mir Parties' Complaint

AgroFresh argues that the Court should dismiss the Mir Parties' complaint because: (a) Counts I, II, and V fail to state a claim, and (b) Counts III and IV are barred by either a release in the Private Settlement Agreement or the statute of limitations. Before turning to the substance of these arguments, the Court must first address the Mir Parties' argument that AgroFresh has waived its right to file a motion to dismiss.

#### 1. No Waiver

The Mir Parties assert that AgroFresh waived its right to file a motion to dismiss the Amended Complaint by answering the original Complaint. (D.I. 26 at 4-5). The Court disagrees.

4

A motion asserting a Rule 12(b) defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). AgroFresh filed its motion to dismiss the Amended Complaint before answering the Amended Complaint. (*See* D.I. 17 (Motion) and D.I. 19 (Answer)). The fact that AgroFresh previously filed an answer to the Original Complaint does not mean that AgroFresh has run afoul of the rules by filing a motion to dismiss the Amended Complaint. "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Hagan v. Wetzel*, 2014 WL 4185665, at *3 (M.D. Pa. Aug. 21, 2014) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).[1]

### 2. Counts I, II and V

Counts I, II, and V depend on the existence of a trade secret. For Count I, the Mir Parties purport to assert a claim pursuant to the Defend Trade Secrets Act of 2016 (the "DTSA"), 18 U.S.C. § 1836(b)(1). (D.I. 13 ¶¶ 55-62). In order to state a claim for trade secret misappropriation under the DTSA, one must demonstrate: "(1) the existence of a trade secret ...; (2) that is related to a product or service used in, or intended for use in, interstate or foreign commerce, and (3) the misappropriation of that trade secret ..." *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021) (cleaned up). The Amended Complaint does not allege that the Mir Parties own a trade secret and that the trade secret has been misappropriated. Accordingly, the Mir Parties have not stated a claim for trade secret misappropriation under the DTSA. The Mir Parties do not appear to dispute this point.

Instead, the Mir Parties contend that the "DTSA requires that [AgroFresh] define and disclose the trade secret" that Dr. Mir "is obligated to protect." (D.I. 13 ¶ 62). The Mir Parties,

---

[1] The Amended Complaint contains two new counts alleging additional theories of recovery, but also brings three more-or-less unchanged counts from the Original Complaint. The Mir Parties mention this in passing, but do not make any actual argument that the motion to dismiss should be limited to the two new counts. In the absence of such argument, the issue is waived.

however, fail to cite to any specific statute within the DTSA establishing such a requirement, and the Court is not aware of one.[2] Accordingly, the Mir Parties have not stated a claim based on any provision of the DTSA. For this reason, Count I is dismissed. Although it is doubtful that the Mir Parties could state a claim under the DTSA, this count is dismissed without prejudice.

Count II has an unilluminating and somewhat confusing title: "The Court Order Stated as a Settlement Agreement Is No Longer Enforceable as to AF's Trade Secret." (D.I. 13 ¶¶ 63-71). Despite the title, Count II appears in substance to be a claim that the Final Consent Judgment and Private Settlement Agreement should be construed and struck down as unreasonable and, therefore unlawful, non-compete agreements.[3] (*See id.* at ¶ 64 (alleging that AgroFresh's "interpretation of the Final Consent Judgment and Private Settlement Agreement serves as a noncompete agreement"); *id* at ¶ 71 (alleging that "[t]he Consent Judgment and 2017 Private Settlement Agreement serve as restrictive covenants but are unreasonable ....")).

To the extent the Mir Parties are asking the Court to construe the entirety of the Final Consent Judgment and Private Settlement Agreement as non-compete contracts, because they limit certain activities by the Mir Parties' activities, the Court declines to do so. Under Delaware law, "the Court interprets the contract based on the plain meaning of the language on the face of the contract." *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 625 (D. Del. 2015). To that end, there is no restrictive covenant in the Final Consent Judgment. There is a restrictive covenant in the Private Settlement Agreement, but that covenant has already expired by its own terms. Specifically, Section 8 of the Private Settlement Agreement states that the Mir Parties

---

[2] "Trade secret" is defined in 18 U.S.C. § 1839(3).
[3] Under Delaware law, restrictive covenants, like a non-compete agreement, must be "reasonable in scope and duration," "advance a legitimate economic interest" of the former employer, and "survive a balance of the equities." *Weichert Co. of Penn. v. Young*, 2007 WL 4372823, at *3 (Del. Ch. Dec. 7, 2007).

"agree to be bound by and abide with the requirements of the covenant not to compete contained in Section 8 of the Consulting Agreement and Commercial Agreement, *which expires on February 1, 2019*, the terms of which are hereby incorporated by reference herein." (D.I. 13-2, Ex. C. ¶ 8 (emphasis added)).

The Mir Parties contend that the restrictive covenants in the Consulting and Commercial Agreements are still in effect and have not yet expired. (D.I. 26 at 9). Even if that is correct, those are not the restrictive covenants the Mir Parties have asked the Court to strike down. Instead, the Mir Parties have asserted a claim based on the restrictive covenants in the Final Consent Judgment and the Private Settlement Agreement. Because the only restrictive covenant in those contracts expired before this lawsuit was filed, Count II is dismissed. Although it is doubtful that the Mir Parties could state a claim based on a non-compete clause in either the Final Consent Judgement or Private Settlement Agreement, Count II is nevertheless dismissed without prejudice.

Count V is titled "Declaratory Judgment" and recites at length the statutes and case law setting forth the Court's authority to issue declaratory judgments. (D.I. 13 ¶¶ 93-97). But Count V does not clearly and expressly set forth what the Mir Parties would like the Court to declare or the grounds pursuant to which they are entitled to those declarations.[4] Accordingly, Count V is dismissed without prejudice for failure to state a claim.

---

[4] Under Section 2 of the Private Settlement Agreement, AgroFresh "covenants and agrees not to assert any ownership rights or otherwise restrict [the MirParties'] activities" in certain areas and sets forth a mechanism by which the MirParties may obtain "AgroFresh's decision about whether an activity by [the MirParties] would conflict with AgroFresh's ownership and/or competitive interests." (D.I. 13-2, Ex. C ¶ 2). The Amended Complaint contains allegations suggesting that the Mir Parties used Section 2 to determine whether AgroFresh is asserting a right to restrict the Mir Parties' activities with respect to coffee and MCP. (D.I. 13 ¶ 41). But the Amended Complaint does not expressly ask the Court to make any declaratory judgments about the parties' rights with respect to coffee and MCP.

### 3. Counts III and IV

AgroFresh contends that Counts III and IV for breach of contract and unjust enrichment, respectively, are barred by the release in the Private Settlement Agreement or, in the alternative, by the statute of limitations. The Court need only address the statute of limitations argument.

Under Delaware law, a breach of contract claim and an unjust enrichment claim are both subject to a three-year statute of limitations. 10 *Del. C.* § 8106; *Youell v. Maddox*, 692 F. Supp. 343, 355 (D. Del. 1988) (contract); *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 42 (Del. Ch. 2012) (unjust enrichment). The statute of limitations begins to run "when there has been a harmful act by a defendant," regardless of whether a plaintiff is aware of the harm. *In re Tyson Foods, Inc.*, 919 A.2d 563, 584 (Del. Ch. 2007).

Here, Counts III and IV are based on AgroFresh's purported failure to pay royalties under the Commercial Agreement and Consulting Agreement. Section 3.1 of the Commercial Agreement states in relevant part:

> AF agrees to pay MirTech a sales commission as follows: (i) For each twelve (12) month period beginning January 1, 2014 through December 31, 2020, *a quarterly lump-sum fee* equal to four percent (4%) sales commission on Net Sales of Products …. *Compensation payments shall be made quarterly within thirty (30) days of the end of each calendar quarter.*

(D.I. 13-2, Ex. A § 3.1 (emphasis added)). Section 3.1 of the Consulting Agreement states in relevant part:

> AF agrees to annually pay MirTech the larger of (i) three hundred thousand dollars ($300,000.00) in even increments of seventy-five thousand dollars ($75,000.00) *paid within thirty (30) days of the end of each calendar quarter* or (ii) *a quarterly lump-sum fee* in an amount equal to four percent (4%) sales commission on annual Net Sales.

8

(D.I. 13-2, Ex. B § 3.1 (emphasis added)). Thus, both Agreements required AgroFresh to pay MirTech royalties within 30 days of the end of each calendar quarter.[5]

The statute of limitations began to run on the date that AgroFresh first failed to make a timely payment. The Complaint alleges that the last payment MirTech received from AgroFresh was for the second quarter of 2016. (D.I. 13 ¶ 54). Accordingly, the statute of limitations began to run when AgroFresh failed to make a timely payment for the third quarter of 2016, i.e., sometime around September 30, 2016. The Mir Parties filed their Complaint approximately four years later, on September 2, 2020. Because this exceeds the three-year statute of limitations, Counts III and IV should be dismissed unless a tolling doctrine applies.

The Mir Parties argue that the statute of limitations was tolled by the discovery rule. (D.I. 26 at 13). For tolling to occur under the discovery rule there "must have been no observable or objective factors to put a party on notice of an injury, and plaintiffs must show that they were blamelessly ignorant of the act or omission and the injury." *In re Dean Witter Partnership Litig.*, 1998 WL 442456, at *5 (Del. Ch. July 17, 1998). Here, the terms of the contracts are clear and explicit as to when the Mir Parties should have received royalty payments. The Mir Parties' failure to receive timely payment is an observable and objective factor that should have put the Mir Parties on notice of their injury. Accordingly, the discovery rule does not apply and the statute of limitations was not tolled. Counts III and IV are dismissed with prejudice.

### B. AgroFresh's Counterclaims

AgroFresh has asserted Counterclaims for Execution on Money Judgment (Count I), Enforcement of Judgment for a Specific Act (Count II), Breach of Contract (Count III),

---

[5] Technically, the Consulting Agreement appends the 30-day requirement only to the quarterly fee of $75,000. But because AgroFresh must pay the larger of either the $75,000 fee or royalties, the royalties are subject to the same timing requirement.

Declaratory Judgment (Count IV), and Attorneys' Fees (Count V). According to the Mir Parties, Counts I and II should be dismissed because there was no material breach of the Private Settlement Agreement, Counts III and IV are barred by the statute of limitations, and AgroFresh failed to state a claim under Count V. Each argument is addressed in turn.

### 1. Counts I and II

The Mir Parties ask the Court to dismiss Counts I and II of AgroFresh's Counterclaims because Mir's failure to execute all necessary paperwork did not materially breach the contract. (D.I. 34 at 9).

Count I asks the Court to issue a writ of execution directing the Mir Parties to pay any remaining amount of the $340,000 judgment. (D.I. 19 ¶¶ 45-50). Under Section 3 of the Private Settlement Agreement, the Court cannot direct the Mir Parties to immediately pay the remaining judgment unless they have "breach[ed] any part of this Agreement." (*See* D.I. 13-2, Ex. C § 3). As a result, Count I impliedly asks the Court to conclude that the Mir Parties have breached the Agreement.

The Mir Parties contend that Section 3 was not triggered because their conduct was not a "material breach" of the agreement. (D.I. 34 at 9). Even if the breach required to trigger Section 3 must be material, which is not clear to the Court, it is difficult to conclude that the "necessary paperwork" clause is not material. The Agreement itself states, "The parties acknowledge and agree that the foregoing obligations in this Paragraph are key to this Agreement." (*See* D.I. 13-2, Ex. C § 2). In addition, there is no other way to effectuate the transfer of ownership of the inventions, as contemplated by the Agreement, except through the execution of all necessary paperwork.

The Mir Parties themselves do not seriously contest that the "necessary paperwork" clause is not material. Instead, the Mir Parties argue that there is no breach because they have executed

all the necessary paperwork. In support, the Mir Parties cite an exhibit attached to AgroFresh's Original Counterclaims filed in response to the Original Complaint. (*See* D.I. 34 at 11 (citing D.I. 8, Ex. FF)). The Court, however, does not know and cannot conclude on a motion to dismiss whether all of the documents contained in Ex. FF represents "all necessary paperwork." There may be additional paperwork that is considered necessary. Because this issue would require the Court to consider documents outside the pleadings, the Mir Parties' motion to dismiss Count I on the contention that they have executed all necessary paperwork is denied.

Count II asks the Court to order the Mir Parties to "immediately execute the necessary assignment paperwork," which is a contractual duty established in Section 2 of the Private Settlement Agreement. Thus, Count II, although not labeled as such, asks the Court for an order of specific performance.[6]

"A claim for specific performance is a specialized request for a mandatory injunction, requiring a party to perform its contractual duties." *Certainteed Corp. v. Celotex Corp.*, 2005 WL 217032, at *6 (Del. Ch. Jan. 24, 2005). "To establish a right to specific performance, the party seeking the remedy must prove, *inter alia*, a valid and enforceable contract between the parties." *Otto v. Gore*, 45 A.3d 120, 138 (Del. 2012). The law does not also require that the party seeking an order of specific performance prove a material breach. Thus, even if the Mir Parties are correct that that was no material breach, it will not defeat Count II. The Mir Parties' motion to dismiss Count II is denied.

### 2. Counts III and IV

The Mir Parties contend that Counts III and IV of AgroFresh's Counterclaims are barred by the statute of limitations. Because the claims are based on a contract, specifically the Private

---

[6] Section 2 of the Agreement states that the obligation to execute all necessary paperwork "may be enforced through an action for specific performance." (See D.I. 13-2, Ex. C § 2).

11

Settlement Agreement, they are subject to a three-year statute of limitations. 10 *Del. C.* § 8106. The statute of limitations begins to run "when there has been a harmful act by a defendant," regardless of whether a plaintiff is aware of the harm. *In re Tyson Foods*, 919 A.2d at 584.

Count III asserts a claim for breach of contract based on Section 2 of the Private Settlement Agreement and the Mir Parties' failure to execute all paperwork necessary to accomplish the assignment of the inventions "within thirty (30) days of the Effective Date." (D.I. 13-2, Ex. C § 2). The Effective Date is September 15, 2017.[7] Thus, the Mir Parties were obligated to execute any necessary paperwork by October 15, 2017, and a claim based on the failure to fulfill this obligation would begin to accrue on that date. AgroFresh filed its breach of contract counterclaim on December 14, 2020, more than 3 years after the claim arose. (D.I. 19). Therefore, Count III should be barred by the statute of limitations unless a tolling doctrine applies.

Count IV seeks a declaratory judgment that AgroFresh is entitled under Section 3 of the Private Settlement Agreement to execute on the Final Consent Judgment because the Mir Parties breached the Agreement by failing to execute all necessary paperwork. (D.I. 19 ¶¶ 68-72). Because the contractual deadline to execute all necessary paperwork was October 17, 2017, this is the date on which AgroFresh's claim under Count IV began to accrue. Because AgroFresh first asserted Count IV more than three years later, Count IV should also be barred by the statute of limitations absent a tolling doctrine.

As an initial matter, AgroFresh argues that it cannot be held to the October 17, 2017 deadline, because it "did not know the additional paperwork was required until much later." (D.I. 35 at 7). Under Delaware law, "sophisticated parties are bound by the terms of their agreement.

---

[7] The opening paragraph of the agreement defines the "Effective Date" as the date "upon its full execution." (D.I. 13-2, Ex. C). The signature page shows that all of the necessary signatures were obtained on September 15, 2017. (*Id.*).

Even if the bargain they strike ends up a bad deal for one or both parties, the court's role is to enforce the agreement as written." *Glaxo Group Ltd. v. DRIT LP*, 248 A.3d 911, 919 (Del. 2021); *see also Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010) ("Parties have a right to enter into good and bad contracts, the law enforces both."); *DeLucca v. KKAT Mgmt., L.L.C.*, 2006 WL 224058, at *2 (Del. Ch. Jan. 23, 2006) ("[I]t is not the job of a court to relieve sophisticated parties of the burdens of contracts they wish they had drafted differently but in fact did not. Rather, it is the court's job to enforce the clear terms of contracts."). Accordingly, the Court will not overlook the clear deadline established by Section 2 of the Agreement to find that the statute of limitations on Counts III and IV began to run at a later date.

In the alternative, AgroFresh argues that even if the accrual date is October 17, 2017, its counterclaims are timely because they relate back to the filing of the Mir Parties' Original Complaint on September 2, 2020. "The majority view in federal court is that 'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" *Kickflip, Inc. v. Facebook, Inc.*, 2015 WL 1517237, at *5 (D. Del. Mar. 31, 2015) (quoting *Giordano v. Claudio*, 714 F. Supp. 2d 508, 523 (E.D. Pa. 2010)). In contrast, "affirmative counterclaims are not tolled," because "'such claims are regarded as independent causes of action.'" *Kickflip*, 2015 WL 1517237, at *5 n. 7 (quoting *Nalley v. McClements*, 295 F. Supp. 1357, 1360 (D. Del. 1969)).

AgroFresh asserts in conclusory fashion that Counts III and IV are compulsory counterclaims and, therefore, relate back. (D.I. 35 at 8). AgroFresh does not explain why it believes its counterclaims are compulsory. The Court has nevertheless been able to conclude that AgroFresh's counterclaims are compulsory.

The Federal Rules of Civil Procedure define a compulsory counterclaim as one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

13

Fed. R. Civ. P. 13(a)(1)(A). "[W]hen one party to a contract puts provisions of it at issue, . . . all actions taken pursuant to that contractual relationship become part of the relevant transaction or occurrence." *Matrix Grp., Inc. v. Ford Motor Credit Co.*, 2004 WL 2742835, at *3 (E.D. Pa. Nov. 29, 2004). Here, the Mir Parties filed a complaint challenging the scope and enforceability of the Private Settlement Agreement. Counts III and IV of AgroFresh's Counterclaims are based on rights set forth in Sections 2 and 3 of that same agreement to enforce the terms of that agreement. Thus, Counts III and IV are compulsory counterclaims and timely filed, because they relate back to the Original Complaint. The Mir Parties' motion to dismiss Counts III and IV based on the statute of limitations is denied.

### 3. Count V

In Count V of the Counterclaims, AgroFresh seeks attorneys' fees pursuant to Section 15 of the Private Settlement Agreement. Section 15 states, "In the event of any dispute, controversy, litigation, or other proceeding *by which one Party seeks to enforce its rights under this Agreement*, ... the prevailing Party shall be awarded reasonable attorneys' fees, costs, and expenses incurred in connection with any such action, including actions to enforce any judgment." (*See* D.I. 13-2, Ex. C § 2 (emphasis added)).

The Mir Parties ask the Court to dismiss Count V on the grounds that "AgroFresh is not seeking to enforce its rights under this Agreement." (D.I. 34 at 12). That argument fails. At a minimum, AgroFresh has asked the Court to order specific performance of the Mir Parties' obligations under Section 2 of the Agreement to execute all necessary paperwork and has further asked the Court to find that AgroFresh is entitled under Section 3 to execute on the final judgment. The Mir Parties' motion to dismiss Count V is denied.

### C. Motion to Strike

The Mir Parties ask the Court to strike Paragraphs 2, 18, 21-24, 35, and 36 from AgroFresh's Counterclaims because the allegations are impertinent, scandalous, and prejudicial against the Mir Parties. (D.I. 34 at 4).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks and citation omitted). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotation marks and citation omitted).

The allegations the Mir Parties have moved to strike generally fall into three groups: (i) allegations reciting the procedural history of the Underlying Lawsuit involving the Mir Parties' misappropriation of AgroFresh's trade secrets (*see, e.g.*, D.I. 19 ¶¶ 21-23, 35); (ii) allegations describing the Mir Parties' actions that led to the Underlying Lawsuit and Dr. Mir's testimony at trial (*see, e.g., id.* at ¶¶ 18, 36); and (iii) allegations that make unsubstantiated or exaggerated claims that appear designed to embarrass Dr. Mir (*see, e.g., id.* at ¶¶ 2, 24).

Paragraph 2 alleges, "The Mir Parties' conduct has already caused millions of dollars in damage to AgroFresh's business." (*Id.* at ¶ 2). As Paragraph 2 explains, however, a jury previously returned a multi-million dollar verdict, not against the Mir Parties, but against their joint tortfeasors. (*Id.*). The Mir Parties had settled by the time the verdict was issued.

Nevertheless, AgroFresh attempts by its allegations to paint a bad picture of the Mir Parties based on a verdict that was not entered against them.

Paragraph 2 further alleges that the Mir Parties settled "in part due to representations about their inability to satisfy a large judgment." (*Id.*). Paragraph 24 repeats the allegation about the Mir Parties' financial precariousness, stating, in relevant part, that the Mir Parties settled "due in large part to Mir's insistence that he lacked the financial wherewithal to satisfy a significant judgment against him." (*Id.* at ¶ 24). The financial health of the Mir Parties is not only irrelevant to the claims and issues before the Court but also impertinent and prejudicial.

For these reasons, the Court will grant in part and deny in part the Mir Parties' motion to strike. The Court will grant the motion to strike the first three sentences of Paragraph 2 and the first sentence of Paragraph 24 and deny the motion to strike any other allegations.

### IV. CONCLUSION

For the foregoing reasons, the Court grants AgroFresh's motion to dismiss the Mir Parties' Amended Complaint. Counts I, II, and V of the Mir Parties' Amended Complaint are dismissed without prejudice and with leave to amend. Counts III and IV of the Mir Parties' Amended Complaint are dismissed with prejudice. The Court denies the Mir Parties' motion to dismiss AgroFresh's Counterclaims. The Mir Parties' motion to strike AgroFresh's Counterclaims is granted in part and denied in part. The Court grants the motion to strike the first three sentences of Paragraph 2 and the first sentence of Paragraph 24 and denies the motion to strike any other allegations.