IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIRTECH, INC., and DR. NAZIR MIR,

        Plaintiffs/Counter-Defendants,

v.

AGROFRESH, INC.,

        Defendant/Counter-Plaintiff.

C.A. No. 20-1170-RGA

## MEMORANDUM ORDER

Before me is AgroFresh's motion to dismiss Count II of its Amended Counterclaims ("Counterclaim II"). (D.I. 100). The motion has been fully briefed. (D.I. 100, 104, 105).

On April 11, 2022, AgroFresh moved for summary judgment on Counts II, III, and V of its Amended Counterclaims. (D.I. 72). On May 11, 2022, eight days after the Mir Parties filed their Answering Brief, AgroFresh submitted a letter seeking to withdraw Counterclaim II without Prejudice. (D.I. 88). AgroFresh did so "in an attempt to limit the issues before the Court" (D.I. 88) as earlier I had "encouraged the parties to avoid the over-litigation that I thought was happening in this case" (D.I. 96 at 6 n.1). Because AgroFresh submitted this letter after both sides had briefed the counterclaim, and the Mir Parties had not stipulated to dismissal of the counterclaim, I determined withdrawal was untimely under Federal Rule of Civil Procedure 41(a). (*Id.* at 6-7). I did, however, state, "I would sign a one-page motion to dismiss Counterclaim II (with or without the Mir Parties' consent) if it were presented to me." (*Id.* at 7). I do so here.

1

The Mir Parties argue that if I dismiss Counterclaim II, it should be with prejudice or, if I dismiss it without prejudice, I should order AgroFresh to pay the Mir Parties' attorneys' fees related to this counterclaim. I disagree with both arguments.

First, the Mir Parties argue, "Since AgroFresh did not oppose summary judgment on Counterclaim II and summary judgment constitutes a final decision, it cannot contest dismissal with prejudice, which is also a final resolution." (D.I. 104 at 1). The Mir Parties cite *Bush v. Raytheon Co.*, 2009 WL 10669904, at *10 (M.D. Fla. Sept. 8, 2009), *aff'd*, 373 F. App'x 936 (11th Cir. 2010), for support.

The Mir Parties misread *Bush*. The court in *Bush* treated a withdrawal of a claim in response to an opposing party's motion for summary judgment as "an indication that Bush does not oppose summary judgment on this claim." *Id.* As I stated in my opinion, "I read AgroFresh's letter to say that it is no longer requesting summary judgment on Counterclaim II." (D.I. 96 at 7). Unlike in *Bush*, the Mir Parties did not move for summary judgment on Counterclaim II.[1] Therefore, I will not dismiss this claim with prejudice.

Second, the Mir Parties argue that if Counterclaim II is dismissed without prejudice, I should make it contingent on AgroFresh paying the Mir Parties' costs and attorneys' fees. (D.I. 104 at 1). The Mir Parties maintain that they have expended resources to defend themselves against Counterclaim II and that AgroFresh "only revealed its intention to withdraw Counterclaim II after the Mir Parties submitted their brief." (*Id.* at 2).

I think a second litigation is unlikely. Thus, I reserve the right to take up attorneys' fees if there is a second litigation, but I do not need to do so now.

---

[1] The Mir Parties asked me to grant them summary judgment under Rule 56(f) in their Answering Brief. (D.I. 85 at 31-32). I declined to do so. (D.I. 96 at 7 n.2).

2

I credit AgroFresh's motive to narrow the case as it sought to withdraw the claim in response to my concern of over-litigation in this case. (*See* D.I. 88; D.I. 96 at 7).

For the reasons stated above AgroFresh's motion to dismiss Count II of AgroFresh's Amended Counterclaims (D.I. 110) is **GRANTED**. Count II of AgroFresh's Amended Counterclaims (D.I. 19) is **DISMISSED** without prejudice.

IT IS SO ORDERED this 26th day of April 2023.

                                                                   United States District Judge