IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH, INC., and DR. NAZIR MIR, | |
| Plaintiffs/Counter-Defendants, | |
| v. | C.A. No. 20-1170-RGA |
| AGROFRESH, INC., | |
| Defendant/Counter-Plaintiff. | |

**MEMORANDUM OPINION**

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, DE.
 Attorney for Plaintiffs/Counter-Defendants.

Chad S.C. Stover, BARNES & THORNBURG LLP, Wilmington, DE.
 Attorney for Defendant/Counter-Plaintiff.

May 1, 2023



ANDREWS, UNITED STATES DISTRICT JUDGE:

Before me is AgroFresh's Motion for Reargument (D.I. 101) on certain issues I decided in my recent Memorandum Opinion and Order denying AgroFresh's motion for summary judgment (D.I. 96, 97). The Parties have briefed the issues. (D.I. 101, 103). For the reasons discussed below, I will grant AgroFresh's motion in part.

## I. BACKGROUND

On April 11, 2022, AgroFresh moved for summary judgment on its Counterclaims II, III, and V. (D.I. 71). I denied the motion. (D.I. 96). AgroFresh requests that I reconsider my decision as to Counterclaims III and V.[1]

With respect to Counterclaim III, AgroFresh requests that I reconsider my decision to deny summary judgment that (1) the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by filing this lawsuit (D.I. 101 at 3-5), and (2) the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing appropriate paperwork for patent applications in Chile, India, and Canada (id. at 5-8).[2]

Counterclaim V is a claim for attorneys' fees based on a provision in the Private Settlement Agreement agreeing that the "prevailing Party [in the litigation] shall be awarded reasonable attorneys' fees, costs, and expenses incurred with any such action." (D.I. 19 at 58). Provided that

---

[1] Contemporaneously with the instant motion, AgroFresh filed a motion to dismiss Counterclaim II without prejudice. (D.I. 100). I granted that motion. (D.I. 106).

[2] I denied summary judgment as to whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing documents to transfer ownership of a European patent application. (D.I. 97 at 20-22). AgroFresh is not seeking reargument on that ruling. (D.I. 101 at 2 n.1).

I enter summary judgment for AgroFresh on the breach of contract issues, AgroFresh contends that it is the prevailing party and should be awarded attorneys' fees and costs. (D.I. 101 at 8-9).

## II. RULE 59(e) LEGAL STANDARD

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on such a motion, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019).

## III. DISCUSSION

### A. Breach of Contract by Filing This Lawsuit

AgroFresh requests that I reconsider my decision to deny summary judgment on whether Counts I, II, and V of the Mir Parties' Amended Complaint challenged the enforceability of the Final Consent Judgment and Private Settlement Agreement, thereby breaching those agreements. AgroFresh's arguments with respect to Counts I and V, however, are just a rehashing of issues and arguments previously considered. (*Compare* D.I. 101 at 3-5 (quoting D.I. 13, ¶¶ 62, 95; D.I. 13 at 23) with D.I. 89 at 5-6 (quoting D.I. 13, ¶¶ 62, 95; D.I. 13 at 23)). Therefore, I deny AgroFresh's motion for reargument on whether Counts I and V of the Amended Complaint challenged the enforceability of the Final Consent Judgment and Private Settlement Agreement.

AgroFresh raises a new legal argument with respect to Count II. AgroFresh argues that I previously decided that Count II challenged the enforceability of the Private Settlement Agreement

3

and Final Consent Judgment by citing a statement I made when I dismissed the claim under Rule 12(b)(6). (D.I. 101 at 4 (citing D.I. 38 at 6)).[3] AgroFresh contends that the law of the case doctrine requires that I grant summary judgment that Count II sought to strike down the two agreements. (D.I. 101 at 4).

I deny AgroFresh's motion for reargument on this issue. As the Mir Parties point out, AgroFresh raises the law of the case doctrine for the first time in the instant motion. (D.I. 103 at 2). It could have raised that doctrine when it moved for summary judgment. (*Id.*). It did not. It is too late now. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Therefore, AgroFresh's motion for reargument based on the filing of litigation is denied.

### B. Breach of Contract by Failing to Execute Assignment Documents for Non-European Patent Applications

AgroFresh requests reargument on the issue of whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing assignment documents related to patent applications in Chile, India, and Canada. (D.I. 101 at 5-8). AgroFresh argues that I erred by finding that AgroFresh might have narrowed its claims to exclude breaches based on these documents. (*Id.* at 7).

I denied summary judgment on this issue because I thought AgroFresh might have waived its claims based on these documents. (D.I. 96 at 20). In the Counterstatement of Facts section of their Answering Brief, the Mir Parties stated, "At eve of trial, [AgroFresh] admitted and identified one document that [the Mir Parties] refuse to sign—the proposed Assignment of European Patent

---

[3] The statement was, "Despite the title, Count II appears in substance to be a claim that the Final Consent Judgment and Private Settlement Agreement should be construed and struck down as unreasonable (and therefore unlawful) non-compete agreements." (D.I. 38 at 6) (punctuation altered).

Application." (D.I. 85 at 7). Among the lengthy list of materials the Mir Parties cited for this statement were AgroFresh's responses to the Mir Parties' "First Set of Discovery Requests." (*See, e.g.*, D.I. 85-9, Ex. H at 8 ("AgroFresh's claims, as noted in its response to Request for Admission No. 1 and Interrogatory No. 2, relate only to the Mir Parties' failure to properly execute a document necessary for European Patent Application No. 15858283.3.")). I relied upon this and similar statements to say that it was not clear that anything other than the European patent application was at issue in the case. (D.I. 96 at 12-13; 20). This was a mistake on my part.

AgroFresh has corrected the record. AgroFresh provided with its motion a copy of its amended and supplemental responses to the Mir Parties' First Set of Discovery Requests. (D.I. 101, Ex. B). These responses were provided to the Mir Parties before AgroFresh moved for summary judgment. The interrogatory responses show that the documents related to the Canadian, Chilean, and Indian patent applications were at issue in this case. (*See generally id.*).[4]

AgroFresh did not point out in its Reply Brief that the interrogatory responses the Mir Parties cited in their Answering Brief were outdated and had subsequently been amended and supplemented. AgroFresh could have done that. Thus, the amended and supplemental responses do not constitute "new evidence." I do not think, however, that should prevent me reconsidering the issue.

The facts that I relied upon, primarily the interrogatory responses the Mir Parties cited in their Answering Brief, were outdated and therefore misleading. For example, the Mir Parties cited

---

[4] AgroFresh also cites arguments (D.I. 101 at 5 (citing D.I. 101-2, Ex. A at 3:25-4:8; 12:1-22; 14:1-7)) made to me in a discovery dispute heard immediately before the summary judgment motion was filed in which AgroFresh described non-European patent applications as being at issue. At the same hearing, AgroFresh stated that it would move for summary judgment for breaches related to not signing documents related to the non-European patent applications. (D.I. 101-2, Ex. A at 22:12-15). I did not recall these statements when deciding the summary judgment motion.

to AgroFresh's response to the Mir Parties' Request for Admissions Nos. 4 and 5 (D.I. 85-9, Ex. H at 8), but those responses were later amended and supplemented (D.I. 101, Ex. B at 1-3). The Mir Parties did not indicate that those responses were later amended and supplemented when they cited to them. (*See* D.I. 85 at 7). Had the amended and supplemented responses been included or had the Mir Parties indicated that the responses had been updated when they cited to them, I would not have relied on the outdated responses.

I believe this is the type of correction of fact that a motion for reargument is meant to address. My earlier conclusion relied on outdated statements of a party's contentions that were not identified as such; I misinterpreted them as the party's current contentions. I should not have relied upon those contentions. Therefore, I will grant AgroFresh's motion for reargument for breaches related to the non-European patent applications.

### C. Reconsidered Summary Judgment

Now that I understand that the assignment documents for the Chilean, Indian, and Canadian patent applications are within the scope of AgroFresh's claims, I find AgroFresh is entitled to the partial summary judgment on Counterclaim III for breaches related to these documents.

As I previously determined, Delaware law applies to this case and the contracts at issue (i.e., the Private Settlement Agreement and Final Consent Judgment). (D.I. 96 at 3). The elements of a breach of contract claim under Delaware law are (1) "the existence of the contract," (2) "the breach of an obligation imposed by that contract," and (3) "damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

AgroFresh argues that § 2 of the Private Settlement Agreement requires the Mir Parties to execute paperwork to assign foreign patent applications to AgroFresh. It is not disputed that the

Final Consent Judgment[5] and Private Settlement Agreement obligate the Mir Parties to "execute all necessary and appropriate documentation to confirm" ownership. (D.I. 72 at 12 (citing D.I. 8-3, Ex. CC § 7(a)); *see also* D.I. 8-1, Ex. AA §§ 2, 20; D.I. 85 at 6). "The issue here is whether the documents AgroFresh provided to the Mir Parties were necessary and/or appropriate." (D.I. 96 at 9).

On July 25, 2018, AgroFresh sent an email "to follow up on our multiple requests" that the Mir Parties execute seven documents (D.I. 8-4, Ex. DD at 2-3): an assignment for Canadian Patent Application No. 2,967,044 (D.I. 8-4, Ex. DD at 17-19); a revocation and appointment for Canadian Patent Application No. 2,910,044 (D.I. 8-4, Ex. DD at 9); a revocation and appointment for Canadian Patent Application No. 2,910,332 (D.I. 8-4, Ex. DD at 8); a deed of assignment for Indian Patent Application No. 201737016801 (D.I. 8-4, Ex. DD at 4-5); a confirmatory assignment for European Patent Application No. 15858283.3 (D.I. 8-4, Ex. DD at 15-16); an assignment for European Patent Application No. 15858283.3 (D.I. 8-4, Ex. DD at 10-14); and a power of attorney form for Chilean patent applications (D.I. 8-4, Ex. DD at 6-7).

AgroFresh made further attempts to get the Mir Parties to sign the documents. On December 20, 2018, AgroFresh emailed the Mir Parties to request they sign five of the seven documents that had previously been sent. (D.I. 72 at 5; D.I. 73-3 at 29-31 ("There are a total of five (5) documents that need to be signed related to patent applications in Chile, India, Canada, and Europe.")). On April 12, 2019, AgroFresh emailed the Mir Parties to obtain signatures on the five documents. (D.I. 73-4 at 1). On January 15, 2020, AgroFresh sent a letter requesting the Mir Parties to sign five documents, including the revocation and appointment for Canadian Patent

---

[5] The Final Consent Judgment incorporated the Private Settlement Agreement. (D.I. 8-3, Ex. CC § 6).

7

Application No. 2,910,633; Indian Patent Application No. 201737016801, and the Chilean Patent Application. (D.I. 8-8, Ex. HH at 3). On September 22, 2020, AgroFresh sent the Mir Parties another letter requesting the Mir Parties to sign the same five documents. (D.I. 8-5, Ex. EE at 2-3).

On October 6, 2020, the Mir Parties sent signed forms to AgroFresh. (D.I. 8-5, Ex. FF at 1). AgroFresh, however, contends that two of the documents were previously signed by the Mir Parties in 2018 and already found to be insufficient to transfer the patent applications. (D.I. 72 at 7). AgroFresh maintains that the third document, relating to the European patent application, which is not at issue in this motion, was altered, making it unusable. (*Id.*). AgroFresh does not contend that there was an issue with the fourth document, which appears to be the Chilean patent application (*Id.*; D.I. 19 at 48).

AgroFresh argues that the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment at least five different times with respect to these documents[6]—each time (July 25, 2018, December 20, 2018, April 12, 2019, January 15, 2020, and September 22, 2020) the Mir Parties were asked to sign the documents and they failed to do so. (D.I. 72 at 15). AgroFresh contends that it suffered damages in the amount of attorneys' fees it spent for these additional attempts to get the Mir Parties to sign the documents. (D.I. 72 at 17; D.I. 89 at 10).

To sum up, AgroFresh informed the Mir Parties that these documents required Dr. Mir's signature to confirm ownership of the foreign patent applications, requested the Mir Parties to execute the documents, and the Mir Parties failed to execute the documents on numerous

---

[6] In their Opening Brief, AgroFresh alleges the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment six times. (D.I. 72 at 7). The sixth attempt was on January 12, 2022, to get the Mir Parties to execute assignment documents for the European patent application. (D.I. 72 at 7; D.I. 73-6). Because this attempt did not concern the Chilean, Indian, or Canadian patent applications, it is not relevant to the present discussion.

8

occasions. (D.I. 8-4, Ex. DD at 2; D.I. 72-3 at 29-31; D.I. 8-8, Ex. HH at 2-3; D.I. 8-5, Ex. EE at 1-2). The documents appear to be what AgroFresh represents them to be – documents pertaining to the transfer of the foreign patent applications. The communications instructing the Mir Parties' to sign the documents to convey ownership of the patent applications to AgroFresh, along with the documents themselves, are sufficient for AgroFresh to make out its *prima facie* case that the Mir Parties had an obligation to execute these documents and breached that obligation whenever they failed to do so.[7]

The Mir Parties did not address or argue in their Answering Brief why the documents related to the Chilean, Canadian, and Indian patent applications were not necessary or appropriate to convey ownership of the these foreign patent applications, why the Mir Parties otherwise were not obligated to execute the documents, or that they had met their contractual obligations by executing the documents when initially requested.[8] This is in sharp contrast to the documents related to the European patent application, for which I denied AgroFresh's motion for summary judgment because the Mir Parties identified issues with AgroFresh's documents and a potential alternative form that is sufficient to convey ownership (*See* D.I. 96 at 20-22; D.I. 85 12-16; D.I. 82). No such arguments are raised with respect to the documents relating to the Chilean, Canadian, and Indian patent applications. Thus, the Mir Parties have not identified a genuine issue of material fact with respect to whether they were obligated to execute the assignment documents pertaining

---

[7] AgroFresh provided a declaration from Mr. Eric Williams (D.I. 75) as evidence that the forms are necessary to transfer the foreign patent applications. (*See, e.g.*, D.I. 72 at 13; D.I. 89 at 4-5). I determined that Mr. Williams' declaration was inadmissible for this purpose. (D.I. 96 at 16-17).

[8] The Mir Parties raise these arguments in their Sur-Reply Brief (D.I. 99 at 4), but those arguments are waived because they should have been raised in their Answering Brief. (D.I. 98 at 1 n.1 ("I will disregard arguments raised in the sur-reply brief that [the Mir Parties] should have raised in the Answering Brief as such arguments are waived.")).

to patent applications in Chile, Canada, and India or whether they breached the Private Settlement Agreement and Final Consent Judgment by not executing them. Therefore, AgroFresh is entitled to summary judgment on their counterclaims of breach of contract with respect to these documents.

I, however, find that AgroFresh is not entitled to summary judgment on the issue of damages stemming from these breaches. AgroFresh is claiming $136,279.10 in attorneys' fees.[9] (D.I. 72 at 17). This total includes time spent "handling the Mir Parties' refusal to sign needed documents and defending and prosecuting this action." (*Id.*). It seems evident that the totality of AgroFresh's attorneys' fees is only in part related to the breaches that I have found to exist. Responding to the Mir Parties' lawsuit and time spent in relation to the European patent application are not direct results of the Chilean, Canadian, and Indian breaches—or at least AgroFresh has not shown how they are. Thus, I cannot grant summary judgment as to the amount of damages.

For these reasons, AgroFresh is not entitled to summary judgment on the issue of damages resulting from these breaches.

### D. Counterclaim V – Attorneys' Fees as the Prevailing Party

AgroFresh requests that I reconsider my decision to deny summary judgment that it is the prevailing party in this litigation, and, therefore, entitled to attorneys' fees and costs. AgroFresh argues it is entitled to damages through § 15 of the Private Settlement Agreement, which is a fee-shifting provision in the event of litigation. Under that provision, however, only a prevailing party is entitled to attorneys' fees. (D.I. 8-1, Ex. AA, § 15). Even though I have now granted partial summary judgment to AgroFresh, whether the Mir Parties breached the Private Settlement Agreement and/or the Final Consent Judgment by filing this lawsuit and whether the Mir Parties

---

[9] This is the amount of attorneys' fees AgroFresh claims to have incurred at the time it had moved for summary judgment. I understand it may be updated when a final judgment has been rendered. (D.I. 72 at 17 n.1).

breached the agreements by not executing the documents AgroFresh provided pertaining to the European patent application are still unresolved. Therefore, I find it is premature to declare a prevailing party while the case is ongoing. For this reason, AgroFresh's motion for reconsideration of Counterclaim V is also denied.

### IV. CONCLUSION

For the reasons stated above, AgroFresh's motion for reargument with respect to the issue of whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by failing to execute assignment documents for patent applications in Chile, India, and Canada is granted. I find that AgroFresh is entitled to summary judgment that the Mir Parties are liable for breach of contract by not executing the patent assignment documents related to the Chilean, Indian, and Canadian patent applications. I, however, find that there is a genuine issue of material fact as to the amount of damages AgroFresh has suffered from these breaches. Therefore, AgroFresh is entitled to summary judgment on the issue of the Mir Parties' liability for these breaches, but not damages.

AgroFresh's motion for reargument with respect to whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by filing this lawsuit is denied. AgroFresh's motion for reargument that it is entitled to attorneys' fees as the prevailing party in this litigation is denied.

An appropriate order will issue.