## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MIRTECH, INC., and DR. NAZIR MIR,

    Plaintiffs/Counter-Defendants,

v.

AGROFRESH, INC.,

    Defendant/Counter-Plaintiff.

C.A. No. 20-1170-RGA

## MEMORANDUM OPINION

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, DE.

    Attorney for Plaintiffs/Counter-Defendants.

Chad S.C. Stover, BARNES & THORNBURG LLP, Wilmington, DE.

    Attorney for Defendant/Counter-Plaintiff.

June 14, 2023



**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is MirTech Inc.'s and Dr. Mir's (collectively, "the Mir Parties") Motion for Reargument (D.I. 110) on an issue I decided in my recent Memorandum Opinion and Order granting in part AgroFresh's motion for reargument (D.I. 107, 108). The Parties have briefed the issues.[1] (D.I. 110, 116). For the reasons discussed below, I deny the Mir Parties' motion.

**I.  BACKGROUND**

On April 11, 2022, AgroFresh moved for summary judgment on its Counterclaims II, III, and V. (D.I. 71). On March 23, 2023, I denied the motion with respect to all three counterclaims. (D.I. 96).

On April 5, 2023, AgroFresh filed a motion for reconsideration that requested that I reconsider my decision as to parts of Counterclaims III and V.[2] (D.I. 101). I granted the motion in part and denied the motion in part. (D.I. 107, 108). I denied AgroFresh's motion with respect to Counterclaim V and the parts of Counterclaim III pertaining to whether the Mir Parties had breached the Private Settlement Agreement and Final Consent Judgment by filing this lawsuit. (D.I. 107 at 3-4, 10-11).

I granted AgroFresh's motion for reargument with respect to the issue of whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing assignment documents for patent applications in Chile, India, and Canada. (*Id.* at 4-6). I originally

---

[1] The Mir Parties moved to file a reply brief. (D.I. 117). I denied their motion. (D.I. 125). The Mir Parties filed a motion for reconsideration on my decision to deny their motion. (D.I. 126). I denied that motion. (D.I. 129).

[2] AgroFresh filed a motion to dismiss Counterclaim II without prejudice. (D.I. 100). I granted this motion. (D.I. 106). AgroFresh has also filed a motion to dismiss the part of Counterclaim III pertaining to the European Patent Application without prejudice. (D.I. 113).

2

denied AgroFresh's motion for summary judgment on this issue because I was uncertain as to whether "AgroFresh might have narrowed its claims to exclude breaches based on these documents." (*Id.* at 4). I based that decision on discovery responses from AgroFresh that indicated only the European Patent Application was at issue. (*Id.* at 5 (citing D.I. 85-9, Ex. H at 8)). For example, AgroFresh's response to Request for Admission No. 4 states:

> **REQ. FOR ADM. NO. 4.** Admit that Attachment 2 is a true and correct copy of the Agent Assignment for Canadian Patent 2,910,633, executed on October 1, 2020 by Dr. Mir.
> **RESPONSE:** AgroFresh objects to this Request for Admission as it seeks information wholly unrelated to the claims and defenses at issue in this case. AgroFresh's claims, as noted in its response to Request for Admission No. 1 and Interrogatory No. 2, relate only to the Mir Parties' failure to properly execute a document necessary for European Patent Application No. 15858283.3. No claim or defense at issue in this lawsuit, then, relates to Canadian Patent Application No. 2,910,633. This request is therefore outside the scope of discovery and a response is not required. *See* Fed. R. Civ. P. 26(b)(1).
> To the extent a response to this request is required, AgroFresh denies this request.

(D.I. 85-9, Ex. H at 8).

In its motion for reargument, AgroFresh pointed out that the discovery responses the Mir Parties cited in their Answering Brief to AgroFresh's motion for summary judgment (D.I. 85) had been later amended and supplemented. (D.I. 107 at 5-6 (citing D.I. 101-3, Ex. B)).

The amended and supplemented responses did not indicate that the case was narrowed to only the European Patent Application. The responses, instead, answered the inquiries directly. For example, AgroFresh's amended and supplemented response to Request for Admission No. 4 recites,

> **AMENDED AND SUPPLEMENTAL RESPONSE:** AgroFresh objects to this Request for Admission to the extent it assumes the Agent Assignment for Canadian Patent 2,910,633 (Attachment 2) is sufficient documentation for the Canadian Patent Office to transfer ownership of the patent application from the Mir Parties to Ag[ro]Fresh.

3

> Subject to and without waiving the foregoing objection, AgroFresh admits that Attachment 2 is a true and correct copy of the Agent Assignment for Canadian Patent 2,910,633.

(D.I. 101-3, Ex. B at 2). The response to the request for admission removes the previous objection and admits the document provided is a copy of the Agent Assignment for Canadian Patent 2,910,633. Likewise, other discovery responses similarly address the Chilean and Indian patent application documents. (*See, e.g.*, D.I. 101-3, Ex. B at 5, 10-12). Not all of the responses in the first set of discovery responses were amended, but the amended and supplemented responses provided by AgroFresh are consistent with the idea that the non-European patent applications are at issue in the case. (*See generally* D.I. 101-3, Ex. B).

When I granted AgroFresh's motion for reargument, I noted that AgroFresh "did not point out in its Reply Brief that the interrogatory responses the Mir Parties cited in their Answering Brief [(D.I. 85)] were outdated and had been subsequently amended and supplemented" and did not constitute "new evidence." (D.I. 107 at 5). I determined, however, that "this is the type of correction of fact that a motion for reargument is meant to address" and granted AgroFresh's motion for reargument. (*Id.* at 6). I based my decision in part on the fact that the Mir Parties did not cite or include the amended and supplemented responses in their Answering Brief at summary judgment, nor did they indicate that some of the responses they had cited to were later amended and supplemented. (*Id.*). I believed, and still believe, it was erroneous for me to rely on discovery responses that had subsequently been amended and supplemented when ruling on the case at summary judgment.

In response to AgroFresh's motion for reargument, the Mir Parties did not challenge the admissibility of the amended and supplemented responses or their veracity. The Mir Parties only argued that it was improper for AgroFresh to raise the new argument and introduce the amended

4

and supplemented discovery responses at the motion for reargument after not raising them at the summary judgment. (D.I. 103 at 2-3). As explained above, I rejected this argument.

After granting AgroFresh's motion for reargument, I determined that AgroFresh was entitled to partial summary judgment on Counterclaim III for breaches related to the assignment documents for patent applications in India, Chile, and Canada. (D.I. 108). In my Memorandum Opinion granting AgroFresh's motion for reargument, I noted that at summary judgment,

> The Mir Parties did not address or argue in their Answering Brief [(D.I. 85)] why the documents related to the Chilean, Canadian, and Indian patent applications were not necessary or appropriate to convey ownership of [] these foreign patent applications, why the Mir Parties otherwise were not obligated to execute the documents, or that they had met their contractual obligations by executing the documents when initially requested.

(D.I. 107 at 9 (footnote omitted)).

Furthermore, in their Answering Brief (D.I. 103) to AgroFresh's motion for reargument, the Mir Parties did not raise any arguments as to whether they breached the Private Settlement Agreement and Final Consent Judgment by not executing assignment documents for patent applications in Chile, Canada, and India. On this issue, the Mir Parties argued that AgroFresh's motion for reargument should be denied because AgroFresh was relying on new facts, issues, and evidence and that the documents pertaining to the non-European patent applications were not at issue in this case. (D.I. 103 at 2-3). The Mir Parties did not address whether they had executed these documents or whether they were obligated to sign them. (*See id.* at 3).

Therefore, I determined that the assignment documents for patent applications in Chile, India, and Canada were at issue in the case, and that the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing the documents. (D.I. 107 at 6-9). I, however, denied AgroFresh summary judgment on the issue of damages stemming from the breaches. (*Id.* at 10).

5

The Mir Parties now move for reargument on my decisions to grant AgroFresh's motion for reargument and to grant AgroFresh partial summary judgment on the parts of Counterclaim III pertaining to the non-European patent application assignment documents. (D.I. 110).

## II.    RULE 59(e) LEGAL STANDARD

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on such a motion, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *See Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III.   DISCUSSION

The Mir Parties do not argue that an intervening change in controlling law occurred or that the evidence they are relying on was not available when I ruled on AgroFresh's motion for reargument (or when I ruled on summary judgment). Therefore, I take it that the Mir Parties are arguing that they are seeking to correct a clear error of fact or law.

Before addressing the Parties' arguments, I note that both parties here use the terms "waive" and "waiver" in their briefs to refer to instances where arguments could or should have been raised at an earlier time but were not. (*See, e.g.*, D.I. 116 at 1-5; D.I. 110 at 7-9). I believe that the Parties use these terms when they really mean to use "forfeit" and "forfeiture." The Third Circuit recently stated that "waiver" and "forfeiture" are not interchangeable and articulated the

6

differences between the terms. *See United States v. Dowdell*, 2023 WL 3771238, at *3 (3d Cir. June 2, 2023).³ "Waiver is 'the intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "In contrast, 'forfeiture is the failure to make the timely assertion of a right.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). The Third Circuit further explained, "[A]n example of [forfeiture] is an inadvertent failure to raise an argument." *Dowdell*, 2023 WL 3771238, at *3 (alterations in the original) (quoting *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017)).

It is clear the Parties mean "forfeiture" when they refer to "waiver." Given that even "judges frequently [have] use[d] forfeiture and waiver 'interchangeably' even though 'they are not synonymous,'" *id.* at *5 (citation omitted), I read the Parties' briefs to be referring to "forfeiture" when they use the term "waiver." To be consistent with the Parties' briefing, I adopt the Parties' terminology.

**A. Waiver**

In my Memorandum Opinion granting AgroFresh's motion for reargument, I noted that the Mir Parties at summary judgment did not raise any arguments regarding whether "the Chilean, Canadian, and Indian patent applications were not necessary or appropriate to convey ownership of [] these foreign patent applications, why the Mir Parties otherwise were not obligated to execute the documents, or that they had met their contractual obligations by executing the documents when initially requested." (D.I. 107 at 9 (footnote omitted)). The Mir Parties contend that they did not waive these arguments and that they addressed them in their Answering Brief. (D.I. 110 at 7-8).

---

³ While *Dowdell* is a criminal case, *Dowdell* supports the proposition that its definitions of "waiver" and "forfeiture" would apply in a civil case. *See* 2023 WL 3771238, at *4 ("The policy supporting waiver and forfeiture is the 'party presentation principle,' which applies 'in both civil and criminal cases, in the first instance and on appeal.'" (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008))). Therefore, I apply its definitions here.

The Mir Parties, however, cite to their Answering Brief to AgroFresh's motion for reargument, not their Answering Brief to AgroFresh's motion for summary judgment. (D.I. 110 at 8 (citing D.I. 103 at 2)). The portion of the brief that the Mir Parties cite does not address the issues stated above. It instead addresses the argument that AgroFresh should not have been permitted to introduce new facts and arguments (D.I. 110 at 8 (citing D.I. 103 at 2)), which I addressed in my memorandum opinion (D.I. 107 at 5-6). The Mir Parties have not cited a portion of their Answering Brief to AgroFresh's motion for reargument or AgroFresh's motion for summary judgment that addresses the non-European patent applications. Therefore, I do not think I made a clear error of fact in stating the Mir Parties had not raised these issues.

For this reason, I find this is not grounds for granting the Mir Parties' motion for reargument.

### B. Evidence of No Breach

In my Memorandum Opinion granting AgroFresh's motion for reargument, I cite the October 6, 2020, letter between the Parties. (D.I. 107 at 8). The Mir Parties argue that the October 6, 2020, letter shows that the assignment documents "were duly signed and provided to AgroFresh by letter of October 6, 2020." (D.I. 110 at 2 (citing D.I. 110-2, Ex. B at Bates No. 15)). I take the Mir Parties to be arguing that I made a clear error of fact when considering this letter.

AgroFresh argues that this is a new argument that could have been previously raised but wasn't. AgroFresh contends that, by waiting until now to introduce this argument, the Mir Parties' argument "could not be more waived." (D.I. 116 at 4).

AgroFresh argues that even if I were to reconsider the letter, there are factual deficiencies that should prevent me from granting the Mir Parties' motion. AgroFresh points out that the October 6, 2020, letter does not establish that the documents were sent to the AgroFresh when AgroFresh originally requested them. (D.I. 116 at 8 n.7). AgroFresh notes that just because the

8

Chilean patent application was signed in 2018, it does not establish that it was sent to AgroFresh prior to October 6, 2020, or that the Mir Parties were in compliance with the Judgment. (*Id.* at 8).

I agree with AgroFresh that these are not grounds for granting the Mir Parties' motion for reargument. First, the Mir Parties had the opportunity to address whether the October 6, 2020, letter raised a genuine issue of material fact that the Mir Parties had executed the assignment documents for patent applications in Chile, India, and Canada. (*See generally* D.I. 85; D.I. 103). The Mir Parties chose not to do so.[4] It is too late to do so now.

Second, I do not believe I made a clear error of fact when reviewing these documents. Taking all reasonable inferences in the Mir Parties' favor, the October 6, 2020, letter would at most establish that the "documents were duly signed and provided to AgroFresh by letter of October 6, 2020." (D.I. 110 at 2). That does not help the Mir Parties. As I previously stated, "AgroFresh argues that the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment at least five different times with respect to these documents—each time (July 25, 2018, December 20, 2018, April 12, 2019, January 15, 2020, and September 22, 2020) the Mir Parties were asked to sign the documents and they failed to do so." (D.I. 107 at 8 (citing (D.I. 72 at 15))). That the documents were provided on October 6, 2020, or that they were signed at earlier dates, does not establish that the Mir Parties had provided the executed documents to AgroFresh when AgroFresh previously requested them.

I find these are not grounds for reargument. The facts and arguments that the Mir Parties make regarding whether they breached their obligation to execute assignment documents for patent

---

[4] In their Sur-Reply Brief to AgroFresh's motion for summary judgment, the Mir Parties claim they signed the documents. (D.I. 99 at 4). I, however, determined these arguments in the Sur-Reply Brief were waived because the Mir Parties should have raised them in their Answering Brief. (D.I. 96 at 13 n.6).

applications in Chile, Canada, and India were previously available to them and the Mir Parties did not raise them. It is too late to do so now on a motion for reargument of a motion for reargument. Furthermore, the Mir Parties have not shown that I made a clear error of fact with respect to the evidence that was before me.

### C. Other Evidence of No Breach

The Mir Parties, mid-brief, provide what appears to be an unsworn declaration from Dr. Mir that states when certain documents were signed and became effective in the other countries. (D.I. 110 at 3-4). In short, the declaration alleges facts that the assignment documents were properly executed in the foreign jurisdictions. The Mir Parties argue that the declaration includes exhibits which show that Indian Patent 201737016801 was assigned on January 18, 2019, the Canadian Patent 2,967,044 was assigned on August 13, 2018, and the Chilean Patent was assigned on August 12, 2018. (*Id.* at 4). The Mir Parties argue that these facts establish that they complied with the Private Settlement Agreement and the Final Consent Judgment because these jurisdictions recognize AgroFresh as the assignee of the foreign patent applications. I understand the Mir Parties' argument to be that the declaration and its exhibits are existing facts in the record that demonstrate I made a clear error of fact.

AgroFresh asserts that these arguments were previously available to the Mir Parties and were thus waived because the Mir Parties failed to raise them. (D.I. 116 at 3-4). AgroFresh contends that the declaration is inadmissible because the declaration is not sworn to under penalty of perjury, the declaration contains hearsay, and the declaration contains facts the declarant lacks knowledge of. (*Id.* at 6-7). AgroFresh also notes that the declaration addresses Canadian Patent Application 2,968,044, not Canadian Patent Application No. 2,910,633. (*Id.* at 7 n.5).

I agree with AgroFresh that the declaration and its exhibits are not grounds to grant the Mir Parties' motion for reargument. First, I agree with AgroFresh that the declaration is inadmissible.

It is an unsworn statement that is not made under penalty of perjury. (*See* D.I. 110 at 3-4). Because this statement was not subscribed as true under penalty of perjury, it cannot substitute for an affidavit. *See Ray v. Pinnacle Health Hosps., Inc.*, 416 F. App'x 157, 164 (3d Cir. 2010) ("Unsworn declarations may substitute for sworn affidavits where they are made under penalty of perjury and otherwise comply with the requirements of 28 U.S.C. § 1746."); *Close v. General Elec. Co.*, 2012 WL 2849393, at *1 n.1 (E.D. Pa. April 2, 2012) ("However, a declaration that is not sworn to under penalty of perjury or accompanied by an affidavit is not proper support in disputing a fact in connection with a motion for summary judgment.").

Second, it is too late for the Mir Parties to be raising these arguments and introducing these pieces of evidence. For example, Dr. Mir was available to the Mir Parties at summary judgment as he provided an affidavit for their Answering Brief. (D.I. 81). That affidavit only discussed the attorneys' fees and costs Dr. Mir had spent in this litigation. (D.I. 81). Dr. Mir could have testified about these foreign patent applications at the relevant time.

Even assuming I may take judicial notice of the documents that were filed with foreign patent offices, [5] and thus would not need to rely on the declaration, it is too late for the Mir Parties to be making such an argument. The Mir Parties introduce the new argument that they complied with the Private Settlement Agreement and Final Consent Judgment because the foreign patent office's records show that AgroFresh is the owner or assignee of the patents. (D.I. 110 at 4). The exhibits that originate from the foreign patent offices were not previously presented to me and the Mir Parties have not argued nor averred that these documents were previously unavailable to them

---

[5] The document pertaining to the Chilean patent application (D.I. 110-2, Ex. D, Declaration-Ex. F at Bates No. 67) appears to be the same form included in the October 6, 2020, letter. (*Id.*, Ex. C at Bates No. 35-36). It does not appear to originate from a public source. (D.I. 110 at 3-4).

when I ruled on AgroFresh's motion for reargument (or when I ruled on summary judgment).[6] I also note that neither the exhibit documents nor the declaration discuss the Canadian Patent Application No. 2,910,633. Thus, the Mir Parties do not present an argument that I made an error of fact with respect to this patent application.

The declaration and the exhibits attached to it do not present grounds for granting the Mir Parties' motion for reargument because they raise arguments and introduce evidence that was previously available to the Mir Parties. Because the Mir Parties failed to raise these arguments earlier, they are waived now.

### D. Untimeliness of the Amended and Supplemented Responses

The Mir Parties contend that the amended and supplemented discovery responses were filed after the close of discovery. (D.I. 110 at 9). I take the Mir Parties to be arguing that I should have disregarded them as untimely and that it was improper for me to rely upon them. (D.I. 110 at 9).

AgroFresh argues that the amended and supplemented responses were timely. Discovery closed on February 1, 2022. (D.I. 44 at 2). Despite being served on March 16, 2022, AgroFresh contends that the responses were served in response to an email from the Mir Parties sent on February 25, 2023, indicating that AgroFresh's discovery responses were deficient. (D.I. 116-1, Ex. 1 at 1-2). AgroFresh argues that its amended and supplemented responses cannot be late

---

[6] AgroFresh notes that some of the documents the Mir Parties cite were requested in April and May 2023, a year after AgroFresh moved for summary judgment (D.I. 71) and potentially after I ruled on AgroFresh's motion for reargument on May 1, 2023. (D.I. 116 at 5 (citing D.I. 110-2, at Bates Nos. 55, 64)). As AgroFresh notes, that the Mir Parties obtained the documents in April and May 2023 does not mean the Mir Parties could not have obtained the documents earlier. (D.I. 116 at 5). I agree. Furthermore, the Mir Parties do not argue that they could not have obtained the documents earlier.

because they were provided at the Mir Parties' request, which was made after the close of discovery. (D.I. 116 at 6).

I agree with AgroFresh that the time of service of the amended and supplemented responses are not grounds to grant the Mir Parties' motion for reargument. First, the Mir Parties did not raise the argument of untimeliness when AgroFresh introduced the amended and supplemented responses in AgroFresh's motion for reargument. (*See* D.I. 103 at 2-3 (arguing it was too late for AgroFresh to introduce the facts at motion for reargument, not that the responses were served late)). It is too late to raise the argument now, especially when AgroFresh's motion for reargument focused explicitly on these responses.

Second, I agree with AgroFresh that the Mir Parties cannot argue that the responses are inadmissible because they came after the close of discovery when the Mir Parties informed AgroFresh after the close of discovery that the initial responses were deficient. AgroFresh provided the amended and supplemented responses within weeks of receiving the notice. (D.I. 63; D.I. 116-1, Ex. 1 at 1). AgroFresh has an obligation to supplement its responses when it learns they are incorrect or incomplete. *See* Fed. R. Civ. P. 26(e)(1). I cannot fault AgroFresh for acting once it was informed.

Third, these updated discovery responses were served on March 16, 2022. (D.I. 63). It appears this is the first time the Mir Parties are raising the issue that the responses are untimely and should be disregarded. It is too late to be raising this issue for the first time.[7]

---

[7] I note that the Mir Parties cited some of the amended and supplemented discovery responses in their sur-reply brief in opposition to AgroFresh's motion for summary judgment. (D.I. 99 at 4 (citing D.I. 99-3, Ex. C)). Even though I disregarded this part of the sur-reply brief as waived (D.I. 96 at 13 n.6), I do not think the Mir Parties can credibly contend that they believed that the amended and supplemented discovery responses were not part of the record or were improper to cite given they cited them previously.

13

For these reasons, I do not believe that the amended and supplemented responses were filed after the close of discovery is a reason to grant the Mir Parties' motion for reargument.

### E. Judicial Admissions

The Mir Parties argue that the responses AgroFresh provided in its First Set of Discovery Requests are judicial admissions that the Chilean, Canadian, and Indian patent application documents are not at issue in this case. (D.I. 110 at 5-6 (citing D.I. 110-2, Bates Nos. 94 (Document Request No. 3), 99-100 (Request for Admission No. 11), 120 (Document Request No. 21), 123 (Document Request No. 22))). The responses from AgroFresh in these discovery requests indicate that only the European Patent Application is at issue and no claim or defense relates to the other patent applications. (*Id.*). The Mir Parties contend that these statements are "conclusive evidence under Rule 36" that the case was narrowed to just the European Patent Application. (*Id.*). The Mir Parties argue that the Document Request Nos. 3, 11, and 22, were not modified by the amended and supplemented responses. (*Id.* at 7). The Mir Parties also contend that the amended and supplemented responses either make no reference to these initial responses or are substantively the same as the original responses. (*Id.*).

AgroFresh contends that the discovery responses were previously available to the Mir Parties when they filed their Answering Brief to AgroFresh's motion for reargument and that it is too late to raise these arguments now. (D.I. 116 at 5). AgroFresh argues that the responses the Mir Parties cite are not answers, but objections, and cannot be used as evidence. (D.I. 116 at 6 (citing *Brown v. Mississippi Dep't of Health*, 2012 WL 1143846, at *3 (S.D. Miss. Apr. 4, 2012))). AgroFresh disputes the Mir Parties' characterization that the amended and supplemented response to Request for Admission No. 11 is not substantively the same as the first response. (*Id.* at 5-6).

14

I agree with AgroFresh that these are not grounds for reargument. First, these arguments and these discovery responses were available to the Mir Parties at AgroFresh's motion for reargument. This is the first time the Mir Parties are arguing that these responses constitute judicial admissions. The Mir Parties did not raise these arguments nor cite these discovery responses in their Answering Brief to AgroFresh's motion for reargument. It is too late to do so now.

Second, I disagree with the Mir Parties that these responses are judicial admissions. The Mir Parties cite *Airco* to argue that AgroFresh's responses are judicial admissions. (D.I. 110 at 4 n.1 (citing *Airco Indus. Gases, Inc. Div. of the BOC Grp., Inc. v. Teamsters Health & Welfare Pension Fund of Philadelphia & Vicinity*, 850 F.2d 1028, 1036 (3d Cir. 1988)), 5, 6 nn.2-3). Federal Rule of Civil Procedure 36(a)(5) requires a party that is objecting to a request for admission to state the grounds for the objection. The statements the Mir Parties cite are plucked from AgroFresh's objections to the discovery requests, not its answers. The Third Circuit in *Airco* was addressing an admission, not an objection. *Airco*, 850 F.2d at 1035. Therefore, I do not read *Airco* as going so far as to say objections, like the content of what is admitted, are judicial admissions.

AgroFresh cites *Brown v. Mississippi Dep't of Health* to argue that objections are not evidence. 2012 WL 1143846, at *2-3 (S.D. Miss. Apr. 4, 2012) ("The Seventh Circuit did not hold that the objection accompanying that response was substantive evidence, and no court citing the [Seventh Circuit's] decision has ever interpreted it as standing for such a proposition. This Court too declines to give life to that interpretation."). While *Brown* is not binding, I find it, and the Seventh Circuit, to be persuasive that objections to requests for admissions are not evidence. Similarly, courts in this District have focused on the contents of what is admitted when there is an objection and an admission. *Cf. Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 123 F.R.D. 97, 105 (D. Del. 1988) (finding the plain language of an admission could not be

15

controverted by an accompanying objection). Therefore, I do not read *Airco* to hold that statements in objections or the grounds for objections constitute judicial admissions.

Third, I disagree with the Mir Parties that the amended and supplemented responses do not contradict the original discovery responses. The amended and supplemented responses may not refer to the three document requests the Mir Parties cite in their brief, but the responses do indicate that the three non-European patent applications are at issue in the case.[8] Therefore, I do not believe I made a clear error of fact when reviewing the discovery responses.

Therefore, I do not find the statements in the first set of discovery responses to be grounds for granting the Mir Parties' motion for reargument.

## IV. CONCLUSION

For the reasons stated above, the Mir Parties' motion for reargument is denied.

An appropriate order will issue.

---

[8] Furthermore, these responses were provided in response to a request from the Mir Parties on February 25, 2022, that stated, "[AgroFresh] has not amended its counterclaim or submitted any court documents limiting its claims to European Patent Application 15858283.3." (D.I. 116-1, Ex. 1 at 1). It seems that the Mir Parties believed these other applications to be at issue in the case and pressed for the amended and supplemented discovery responses because of this.