IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH, INC., and DR. NAZIR MIR,<br><br>　　　　Plaintiffs/Counter-Defendants,<br>v.<br><br>AGROFRESH, INC.,<br><br>　　　　Defendant/Counter-Plaintiff. | C.A. No. 20-1170-RGA |

## MEMORANDUM ORDER

Before me is AgroFresh's Motion for Voluntary Dismissal Without Prejudice of a Portion of Counterclaim III (D.I. 113) and the Mir Parties' Nunc Pro Tunc Motion to Dismiss Count III With Prejudice and Answering Brief. (D.I. 123). The parties have briefed the motions. (D.I. 113, 123, 124).[1]

AgroFresh "moves to dismiss without prejudice the portion of Count III of its Amended Counterclaims [("Counterclaim III")] (D.I. 19) pertaining to the Mir Parties' breach of the Final Consent Judgment and Private Settlement Agreement ('Judgment') from failing to execute documents to transfer ownership of the European Patent Application." (D.I. 113 at 1).

The deadline for the Mir Parties to submit an answering brief was June 5, 2023. The Mir Parties did not submit an answering brief before the deadline. The Mir Parties attempted to submit an answering brief on June 7, 2023 – two days after the deadline. The

---

[1] The deadline for the Mir Parties to file a reply brief in support of their Nunc Pro Tunc Motion to Dismiss Count III With Prejudice and Answering Brief (D.I. 123) was June 15, 2023. The Mir Parties did not submit a reply brief by the deadline.

brief was rejected because the Mir Parties did not seek leave to file their answering brief after the deadline. The Mir Parties then submitted the Nunc Pro Tunc Motion to Dismiss Count III With Prejudice and Answering Brief that same day. (D.I. 123).

The Mir Parties' motion requests that I read their opening brief (D.I. 123-1, Ex. A) as a reply brief to AgroFresh's motion. (D.I. 123 at 1). The motion also requests that I dismiss Counterclaim III in its entirety, not just the portion AgroFresh has moved to dismiss. (D.I. 123-1, Ex. A at 1). If I dismiss AgroFresh's claim without prejudice, the Mir Parties argue I should make the dismissal contingent on AgroFresh covering the Mir Parties attorneys' fees and costs. (D.I. 123-1, Ex. A at 1-2).

I will address each issue in turn.

First, I decline to read the Mir Parties' brief as an answering brief to AgroFresh's motion. The Mir Parties submitted their motion and brief two days after the deadline to respond to AgroFresh's motion and do not attempt to provide a reason for why the brief should be accepted late. (*See generally* D.I. 123-1, Ex. 1). Therefore, I deny the Mir Parties' motion to the extent they request that I accept the brief attached to their motion as an answering brief to AgroFresh's motion.

Second, I deny the Mir Parties' motion to the extent it requests that I dismiss the portions of Counterclaim III that AgroFresh does not seek to dismiss.[2] The Mir Parties'

---

[2] As the case currently stands, there are three claims under Counterclaim III that are still in dispute: (1) whether the Mir Parties breached the Judgment by filing this lawsuit (D.I. 107 at 3-4); (2) the damages stemming from the Mir Parties' failure to execute assignment documents for patent applications in Chile, Canada, and India (*id.* at 10); and (3) whether the Mir Parties breached the Judgment by failing to execute assignment documents for the European Patent Application (D.I. 96 at 21-22). The third issue is the one AgroFresh seeks to dismiss in this motion. (D.I. 113 at 1). The Mir Parties have filed a motion for reargument on the issue of whether they have breached the Judgment by not executing assignment documents for patent applications in Chile, Canada, and India. (D.I. 110).

motion comes after the time for summary judgment motions. Furthermore, I have already determined that there are genuine disputes of material fact with respect to the issues relating to these portions of Counterclaim III. (D.I. 107 at 3-4, 10). Therefore, the Federal Rules do not provide a basis for the Mir Parties' motion.

The Mir Parties argue Counterclaim III should be dismissed with prejudice because AgroFresh is seeking to withdraw Counterclaim III in response to summary judgment. (D.I. 123-1, Ex. A at 1 ("Since AgroFresh did not oppose summary judgment on Counterclaim III and summary judgment constitutes a final decision, it cannot contest dismissal with prejudice, which is also a final resolution.")). I do not understand the factual or logical basis of this argument. The Mir Parties never moved for summary judgment on Counterclaim III.[3] AgroFresh filed its motion to dismiss one part of Counterclaim III over a month after I issued my summary judgment opinion. (D.I. 113; D.I. 96). And, AgroFresh is only attempting to dismiss a portion of Counterclaim III—the portion concerning the European Patent Application. The Mir Parties have provided no argument for why I should dismiss the portions of Counterclaim III that AgroFresh is not seeking to dismiss. Therefore, I deny the motion to dismiss these parts of Counterclaim III.

Third, I grant AgroFresh's motion to dismiss the portion of Counterclaim III pertaining to the European Patent Application without prejudice and I deny the Mir Parties' motion to dismiss this portion of Counterclaim III with prejudice. As stated above, I decline

---

[3] In their Answering Brief to AgroFresh's motion for summary judgment, the Mir Parties requested that I exercise my authority under Federal Rule of Civil Procedure 56(f) to enter summary judgment in their favor on Counterclaim III. (D.I. 85 at 31-33). I do not believe this request constitutes a cross-motion for summary judgment. The Mir Parties agree that they did not move for summary judgment. At the May 25, 2023, status conference, the Mir Parties stated, "We didn't file any summary judgment motions. [AgroFresh] filed summary judgment motions." (D.I. 121-1, Ex. A at 4:14-15).

to read the Mir Parties' opening brief (D.I. 123-1, Ex. A) as an answering brief to AgroFresh's motion. Therefore, AgroFresh's motion is unopposed.

Even if I were to consider the merits of the Mir Parties' motion, I would still deny it. The Mir Parties argue that if I dismiss the portion of Counterclaim III that AgroFresh seeks to dismiss, I should dismiss it with prejudice. (D.I. 123-1, Ex. A at 1). The Mir Parties characterize AgroFresh's withdrawal of Counterclaim III as AgroFresh not contesting summary judgment (D.I. 123-1, Ex. A at 1), but, as discussed above, AgroFresh filed its motion over a month after I ruled on summary judgment, and the Mir Parties never moved for summary judgment. (D.I. 96 at 22).[4] Therefore, I do not believe this is a valid reason to dismiss the portion of Counterclaim III that AgroFresh seeks to dismiss with prejudice.

The Mir Parties argue that if I dismiss Counterclaim III without prejudice, I should make the dismissal contingent on AgroFresh covering the Mir Parties' costs and fees. (D.I. 123-1, Ex. A at 1-2). As AgroFresh notes, the Mir Parties raise the same arguments they did when I dismissed Counterclaim II without prejudice. (D.I. 124 at 2; *compare* D.I. 123-1, Ex. A, *with* D.I. 104). I was not persuaded by the Mir Parties then, and I am not persuaded now. (*See* D.I. 106 at 2-3 (addressing the same issues and dismissing the claim without prejudice)). As I previously noted, "I think a second litigation is unlikely. Thus, I reserve the right to take up attorneys' fees if there is a second litigation, but I do not need to do so now." (*Id.* at 2).

---

[4] Three days ago, the Mir Parties filed a motion for summary judgment. (D.I. 127). The Mir Parties withdrew the motion that same day. (D.I. 128). I do not count this as the Mir Parties moving for summary judgment.

4

Furthermore, I accept AgroFresh's explanation for withdrawing the claim as being a way to narrow the issues that need to be litigated and to minimize expenses. (*See* D.I. 113 at 4).

For the reasons stated above, AgroFresh's Motion for Voluntary Dismissal Without Prejudice of a Portion of Counterclaim III (D.I. 113) is GRANTED. The portion of Count III of AgroFresh's Amended Counterclaims asserting the Mir Parties breached the Judgment by failing to execute documents to transfer ownership of the European Patent Application is DISMISSED without prejudice. The Mir Parties' Nunc Pro Tunc Motion to Dismiss Count III With Prejudice and Answering Brief (D.I. 123) is DENIED.

IT IS SO ORDERED this 16th day of June 2023.

/s/ Richard G. Andrews
United States District Judge