IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIRTECH, INC., and DR. NAZIR MIR,

    Plaintiffs/Counter-Defendants,

v.

AGROFRESH, INC.,

    Defendant/Counter-Plaintiff.

C.A. No. 20-1170-RGA

## MEMORANDUM OPINION

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, DE.
    Attorney for Plaintiffs/Counter-Defendants.

Chad S.C. Stover, BARNES & THORNBURG LLP, Wilmington, DE.
    Attorney for Defendant/Counter-Plaintiff.

July 11, 2023



**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is AgroFresh's Motion to Voluntarily Dismiss Without Prejudice the Remaining Portions of AgroFresh's Counterclaim III and Vacate the Pretrial Conference and Trial Setting (D.I. 134). The parties have briefed the motions. (D.I. 134, 140, 142).

I.  **BACKGROUND**

There are two counterclaims, one involving two different issues, left to be litigated in this case: (1) "Count III - Whether the Mir Parties' filing of this lawsuit breached the [Private Settlement Agreement and Final Consent Judgement (Judgment)] and the damages associated with this breach;" (2) "Count III – The amount of damages as a result of the Mir Parties breach of the Judgment related to the Chilean, Indian, and Canadian patent applications[1]; and" (3) "Count V – Whether AgroFresh is entitled to its attorneys' fees, costs, and expenses incurred in connection with this action as the 'prevailing party' and the amount of the award." (D.I. 134 at 2). On June 16, 2023, AgroFresh moved to dismiss the remaining claims under Count III without prejudice. (D.I. 134 at 1).[2] I previously indicated that I would dismiss these claims, but reserved judgment as to whether the dismissal would be with or without prejudice. (D.I. 135). I canceled the bench trial at the pretrial conference.

---

[1] I granted partial summary to AgroFresh on the issues of whether the Mir Parties had an obligation to execute these documents and whether the Mir Parties breached their obligation. (D.I. 107 at 9-10). I denied AgroFresh summary judgment on the issue of damages stemming from these breaches. (*Id.*).

[2] On June 7, 2023, AgroFresh sent a letter to the Court indicating that it intended to file this motion after I resolved other pending motions. (D.I. 121 at 1).

2

## II. LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"[T]he grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion . . . ." *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951). The Third Circuit has said "the general rule is that [a Rule 41(a)(2)] motion should be granted liberally." *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013) (citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)). An exception to this rule is when "the defendant 'will suffer plain legal prejudice,' beyond the 'mere prospect that [it] will face a subsequent lawsuit.'" *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 2018 WL 914779, at *1 (D. Del. Feb. 15, 2018) (quoting *Reach & Assocs., P.C. v. Dencer*, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004)). "Where appropriate, the Court can enter a dismissal with prejudice even if the plaintiff files its Rule 41 motion specifically seeking a dismissal without prejudice." *Wi-LAN*, 2018 WL 914779, at *1.

In determining whether legal prejudice will result from dismissal of a claim, "a court should consider 1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has

progressed; and 4) the claimant's diligence in moving to dismiss." *Reach*, 2004 WL 253487, at *1 (cleaned up).³ I address each factor in turn.⁴

## III. DISCUSSION

### A. Excessive and Duplicative Expense of a Second Litigation

AgroFresh argues, "there would be no duplicative costs associated with a second litigation of the remaining portions of the remaining portions of Counterclaim III." (D.I. 142 at 3; *see also* D.I. 134 at 3). AgroFresh cites to my earlier opinions where I noted that "a second litigation is unlikely" for support. (D.I. 142 at 3 (citing D.I. 133 at 3)).

The Mir Parties assert that AgroFresh could bring a new action if the counterclaims are dismissed without prejudice, and "[t]here will be excessive and duplicative expense of a second litigation." (D.I. 140). The Mir Parties do not provide any support for the assertion that there will be "excessive and duplicative" expenses.

---

³ Courts in this District have sometimes considered whether the non-moving party has filed a motion for summary judgment or an answer. *Compare Barron v. Snyder*, 2001 WL 65735, at *1 (D. Del. Jan. 10, 2001) *with Reach*, 2004 WL 253487, at *1. The Mir Parties did not move for summary judgment. On June 13, 2023, the Mir Parties filed a motion for summary judgment (D.I. 127) but withdrew it that same day (D.I. 128). I do not consider this a motion for summary judgment. (D.I. 133 at 3 n.3). The Mir Parties have filed an answer (D.I. 27) and have filed a motion to dismiss the counterclaims for lack of subject matter jurisdiction (D.I. 130). I do not give this factor much weight as AgroFresh gave notice that it intended to file this motion before the Mir Parties filed their motion to dismiss. Because of this advance notice, I think it is unlikely that AgroFresh was motivated to withdraw the claims in response to a case dispositive motion from the Mir Parties. Considering this factor would not change my overall decision.

⁴ AgroFresh argues that these factors are inapposite because they are for determining "whether dismissal under Federal Rule of Civil Procedure 41(a)(2) is appropriate at all" (D.I. 142 at 2), not whether dismissal should be granted with prejudice. I disagree. Courts in this District have used the same set of considerations for dismissing claims with prejudice under Rule 41(a)(2). *See Wi-LAN*, 2018 WL 914779, at *1-2 (considering these factors).

The Mir Parties' argument seems to be that the possibility of a second suit would present prejudice. The mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice. *Reach*, 2004 WL 253487, at *1. Therefore, I find this factor favors dismissal without prejudice.

### B. Effort and Expense Incurred by a Defendant in Preparing for Trial

In its Reply brief, AgroFresh contends that, despite moving to dismiss so close to trial, any effort expended by the Mir Parties in preparing for trial was for "claims that have already been dismissed or decided, and did not relate to the remaining portions of Counterclaim III at issue here." (D.I. 142 at 4).

The Mir Parties assert, "There has been great effort and expense incurred by [the Mir Parties] in preparing for trial in this case." (D.I. 140 at 6). The Mir Parties do not elaborate on this assertion.

I think this factor weighs in favor of dismissing the counterclaims with prejudice. AgroFresh is correct that the Mir Parties spill a lot of ink in the pretrial order over issues already decided or unrelated to these parts of Counterclaim III. (*See, e.g.*, D.I. 136, ¶ 73 (stating that whether the Memorandum Opinion issued on May 1, 2023, should be amended is an issue to be litigated)). I do not think this factor requires me to tabulate the number of pages in the pretrial order addressing the relevant counterclaims in order to devise an estimate of the effort and expense spent preparing for trial. I think what is relevant here is that the counterclaims AgroFresh seeks to dismiss were the only triable issues left in the case, its motion to dismiss was filed the same day that the pretrial order was due (four days before the pretrial conference), and the Mir Parties had to spend time preparing the pretrial order and participating in the pretrial conference. (D.I. 134). It seems reasonable to me that the Mir Parties likely incurred expenses in preparing for a trial that is

no longer going to happen because these claims will now be dismissed. I find this factor weighs in favor of dismissing with prejudice.

### C. Extent to Which the Pending Litigation Has Progressed

AgroFresh raises the same arguments as it did with the previous factor. (*See* D.I. 142 at 4).

The Mir Parties argue that this factor favors dismissing with prejudice because fact discovery is completed. (D.I. 140 at 6).

I think this factor weighs in favor of dismissing with prejudice. The litigation has progressed significantly and has been ongoing for over two years. Fact discovery has closed (D.I. 44 at 2), and I have ruled on summary judgment motions (D.I. 96). AgroFresh filed this motion the day the pretrial order was due, just days before the pretrial conference.[5] This case is transitioning to the endgame. Therefore, this factor weighs in favor of dismissing with prejudice.[6]

### D. Diligence in Moving to Dismiss

AgroFresh argues that it was diligent in moving to dismiss these counterclaims because it did so once it was clear the cost of trial could be avoided by dismissing these claims. (D.I. 142 at 4-5). AgroFresh notified the court by letter of its intent to do so on June 7, 2023. (D.I. 121). AgroFresh filed this motion the same day I resolved the then-pending motions. (D.I. 133).

---

[5] AgroFresh filed a letter on June 7th indicating it would move to dismiss these counterclaims. I do not think this advance notice should be considered as the time of filing because litigation continued to progress.

[6] I have recently dismissed other counterclaims without prejudice (D.I. 100, 113), despite the fact the motions were filed in the later stages of litigation. The timing of those other dismissals was different. The first motion was filed before trial had been scheduled and was done after AgroFresh first attempted to dismiss the counterclaim at issue a year earlier. (D.I. 100; D.I. 102; D.I. 88 (letter from AgroFresh to the Court, dated May 11th, 2022, attempting to withdraw Counterclaim II); D.I. 96 at 6-7 (noting AgroFresh's May 11th, 2022, letter was insufficient to withdraw Counterclaim II)). The second motion was filed a month before the pre-trial conference was scheduled. The state of the case was also in flux at the time as I was deciding the Mir Parties' motion for reargument regarding my decision to grant partial summary judgment to AgroFresh. (D.I. 113).

The Mir Parties assert AgroFresh was not diligent in moving to dismiss. (D.I. 140 at 6).

I think this factor favors dismissal with prejudice. AgroFresh provided notice of its intent to dismiss these claims if then-pending motions were resolved in a certain way, and AgroFresh filed this motion the day I resolved the last of those motions. (D.I. 134). I, however, do not think a wait-and-see approach is "diligence." Therefore, I think this factor favors dismissal with prejudice.

### E. Weighing the Factors

I think overall the factors favor dismissing the counterclaims with prejudice. Litigation has progressed to the final stages. Given that this motion was filed just before the pretrial conference and less than a month before the scheduled trial, I think it is likely that the Mir Parties had expenses in preparing for a trial that is no longer happening because of this motion. Therefore, I think the Mir Parties would suffer legal prejudice if I were to dismiss the remaining portions of Counterclaim III without prejudice.

### IV. Conclusion

For the reasons stated above, AgroFresh's motion to dismiss the remaining portions of Counterclaim III without prejudice is granted in part and denied in part. The remaining portions of Counterclaim III are dismissed with prejudice.

An appropriate order will issue.