IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH, INC., and DR. NAZIR MIR, <br><br> Plaintiffs/Counter-Defendants, <br> v. <br><br> AGROFRESH, INC., <br><br> Defendant/Counter-Plaintiff. | C.A. No. 20-1170-RGA |

**MEMORANDUM ORDER**

Before me is the Mir Parties' Motion and Incorporated Memorandum of Law to Dismiss For Lack of Subject Matter Jurisdiction. (D.I. 130). The parties have briefed the motion. (D.I. 130, 139, 141).

The Mir Parties "move to Dismiss the Counterclaims of AgroFresh for Lack of Subject Matter Jurisdiction as there is no actual case and controversy pursuant to Rules 12(b)(1), (6)." (D.I. 130 at 1). The substance of the Mir Parties argument is that AgroFresh's counterclaims should be dismissed, and once dismissed, there is no case and controversy left. (*See id.* at 16-17).

I, however, have already dismissed all the counterclaims that the Mir Parties seek to dismiss in their motion. (D.I. 143 & 144). Therefore, the Mir Parties' motion to dismiss the counterclaims is moot.

The only issue left to be litigated is whether AgroFresh is a prevailing party and is entitled to have its fees covered under the fee-shifting provision in the Private Settlement Agreement. (D.I. 143). The Mir Parties' briefs do not mention the prevailing party issue, let alone explain why I lack subject matter jurisdiction to rule on that issue. The Mir Parties do not challenge that the diversity requirement or the amount in controversy requirement are satisfied. I find that they are.

1

(*See* D.I. 13 at 2; D.I. 19 at 42). Nor does the resolution of most of the disputes between the parties mean that the case is moot.

For the reasons stated above, the Mir Parties' Motion and Incorporated Memorandum of Law to Dismiss For Lack of Subject Matter Jurisdiction (D.I. 130) is **DENIED**.

IT IS SO ORDERED this 11th day of July 2023.

/s/ Richard G. Andrews
United States District Judge