IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH, INC., and DR. NAZIR MIR, <br><br> Plaintiffs/Counter-Defendants, <br> v. <br><br> AGROFRESH, INC., <br><br> Defendant/Counter-Plaintiff. | C.A. No. 20-1170-RGA |

**MEMORANDUM ORDER**

Before me is MirTech Inc.'s and Dr. Mir's (collectively, "the Mir Parties") "Motion and Incorporated Memorandum of Law to Alter or Amend the Memorandum Order (D.I. 145)" ("Motion for Reargument"). (D.I. 146). The Motion for Reargument concerns a recent order denying the Mir Parties' motion to dismiss for lack of subject matter jurisdiction. (D.I. 145). The Parties have briefed the issues. (D.I. 146, 149).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on such a motion, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *See Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

1

The Mir Parties argue that I made a clear error of law or fact. The Mir Parties contend that I misunderstood their argument and incorrectly stated that they did not address the prevailing party issue. (D.I. 146 at 1-2). The Mir Parties, however, do not cite to any place in their briefing supporting their original motion to dismiss (D.I. 130; D.I. 141) where the words "prevailing party" appear. That is because the words do not appear in their briefs. On that basis, the Mir Parties' motion for reargument is denied.

Moreover, the Mir Parties do not show that I lack subject matter jurisdiction over this case. In essence, the Mir Parties argument is that some AgroFresh's breach of contract claims fail based on the doctrine of frustration of purpose or supervening frustration. (D.I. 145 at 2-3). But a defense on the merits does not deprive a court of subject matter jurisdiction. This is especially true when, as here, there remain issues that the Court needs to decide.

For the reasons stated above, the Mir Parties' for Reargument (D.I.146) is **DENIED**.

IT IS SO ORDERED this 25th day of August 2023.

/s/ Richard G. Andrews  
United States District Judge