**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIRTECH, INC., and DR. NAZIR MIR,<br><br>       Plaintiffs/Counter-Defendants,<br><br>  v.<br><br>AGROFRESH, INC.,<br><br>       Defendant/Counter-Plaintiff. | Civil Action No. 20-1170-RGA |

**MEMORANDUM OPINION**

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, DE.

    Attorney for Plaintiffs/Counter-Defendants.

Chad S.C. Stover, BARNES & THORNBURG LLP, Wilmington, DE.

    Attorney for Defendant/Counter-Plaintiff.

October 18, 2024

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

The Court of Appeals dismissed Plaintiffs' appeal for lack of appellate jurisdiction and issued its mandate, returning this case to me, on September 19, 2024. (D.I. 171). At the time the appeal was filed, there were three pending motions. Two of them are cross-motions for attorneys' fees and costs filed by Plaintiffs/Counter-Defendants Dr. Nazir Mir and Mirtech, Inc. (collectively, "the Mir Parties") and Defendant/Counter-Plaintiff AgroFresh. (D.I. 151, 153). The motions have been fully briefed. (D.I. 151, 154, 158, 159, 160, 161). I now decide these two motions.

**I.     BACKGROUND**

The Mir Parties filed a lawsuit against AgroFresh asserting five claims: a claim under the Defend Trade Secrets Act of 2016 ("DTSA") to require AgroFresh to define its trade secret (Count I); a claim requesting the Court to construe the Final Consent Judgment and Private Settlement Agreement as an unlawful non-compete agreement (Count II); a claim for breach of contract for breaching the Commercial Agreement and Consulting Agreement (which are separate from the Private Settlement Agreement and Final Consent Judgment) (Count III); a claim of unjust enrichment based on the Commercial Agreement and Consulting Agreement (Count IV); and a request for a declaratory judgment (Count V). (D.I. 13 at 14-22; D.I. 38 at 5-9).

AgroFresh counterclaimed. (D.I. 19). AgroFresh sought execution on the money judgment described in the Final Consent Judgment and Private Settlement Agreement (Counterclaim I); specific performance in the form of a court order directing the Mir Parties to execute the necessary assignment paperwork (Counterclaim II); damages from the Mir Parties' breach of the Private Settlement Agreement and Final Consent Judgment (Counterclaim III); a declaratory judgment that AgroFresh may execute on the Final Consent Judgment (Counterclaim IV); and attorneys' fees (Counterclaim V). (*Id.* at 41-58).

AgroFresh moved to dismiss the Mir Parties' claims. (D.I. 17). I granted that motion and dismissed Counts I, II, and V without prejudice and Counts III and IV with prejudice. (D.I. 39). The Mir Parties decided not to amend their complaint, as they advised the Court on October 25, 2021. (D.I. 41). Therefore, the Mir Parties' affirmative claims have been out of the case during most of the litigation.

The money judgment described in the Final Consent Judgment and Private Settlement Agreement was paid in full by no later than February 22, 2022. (D.I. 72 at 9; D.I. 85 at 11; D.I. 61-5; D.I. 61-6; *see also* D.I. 95). The payments satisfied AgroFresh's Counterclaims I and IV, thus mooting them. The Mir Parties filed a motion for AgroFresh to return the promissory note in connection with the money judgment. (D.I. 61). I granted that motion. (D.I. 95)

AgroFresh moved for summary judgment. (D.I. 71). I granted AgroFresh partial summary judgment on Counterclaim III and denied summary judgment on its other counterclaims. (D.I. 97, 108). I determined that the Mir Parties breached their obligations under the Private Settlement Agreement and Final Consent Judgment by not executing documents pertaining to the Chilean, Indian, and Canadian patent applications. (D.I. 107 at 6-10).[1] I, however, denied summary judgment on the issue of damages stemming from these breaches. (*Id.* at 10). AgroFresh later moved to dismiss the portion of Counterclaim III pertaining to damages from these breaches. (D.I. 134). I dismissed that portion of Counterclaim III with prejudice. (D.I. 144).[2]

---

[1] I initially denied AgroFresh summary judgment on these issues. (D.I. 96, 97). AgroFresh filed a motion for reargument (D.I. 101), which I granted-in-part and denied-in-part. (D.I. 107, 108).
[2] AgroFresh moved to dismiss that portion of Counterclaim III without prejudice. (D.I. 134). I dismissed it, but with prejudice.

3

The rest of AgroFresh's counterclaims were dismissed in piecemeal fashion. AgroFresh filed a motion to dismiss Counterclaim II without prejudice. (D.I. 100). I granted that motion. (D.I. 106).

AgroFresh filed a motion to dismiss without prejudice the portion of Counterclaim III pertaining to the European patent application. (D.I. 113). I granted that motion. (D.I. 133).

Finally, AgroFresh filed a motion to dismiss the last remaining portion of Counterclaim III, which alleged that the Mir Parties breached their obligations under the Private Settlement Agreement and Final Consent Judgment by challenging the enforceability of those agreements when they filed this lawsuit. (D.I. 134). I dismissed that portion of Counterclaim III with prejudice. (D.I. 144).[3]

As the case currently stands, all claims other than those relating to attorneys' fees and costs have been resolved. Both sides now move for attorneys' fees.

## II. DISCUSSION

### A. Prevailing Party Status

#### 1. Contract Provision

Section 15 of the Private Settlement Agreement recites:

> In the event of any dispute, controversy, litigation, or other proceeding by which one Party seeks to enforce its rights under this Agreement, the Promissory Note, or the Final Consent Judgment, the prevailing Party shall be awarded reasonable attorneys' fees, costs, and expenses incurred in connection with any such action, including actions to enforce any judgment.

(D.I. 8-1, Ex. AA ¶ 15).

---

[3] AgroFresh moved to dismiss this portion of Counterclaim III without prejudice. (D.I. 134). I dismissed it, but with prejudice.

"Delaware courts typically treat fee-shifting provisions as embracing an 'all-or-nothing' approach, that is, awarding either all of a party's fees or none of those fees, rather than apportioning fees on a claim-by-claim basis." *APEX Fin. Options, LLC v. Gilbertson*, 2022 WL 9991424, at *2 (D. Del. Oct. 17, 2022) (citing cases). "[T]he parties to a contract can elect a claim-by-claim approach by inserting 'language in the contract that would authorize the court to exercise discretion to award less than "all" the prevailing party's fees in a case where the prevailing party had achieved less than a full victory.'" *Id.* (citing *Brandin v. Gottlieb*, 2000 WL 1005954, at *28 (Del. Ch. July 13, 2000)). There is no language in the Private Settlement Agreement or Final Consent Judgment suggesting that the parties intended fees to be awarded on a claim-by-claim basis. Neither party argues that fees should be awarded on a claim-by-claim basis. Therefore, I will apply the all-or-nothing approach.

Delaware courts apply the "predominance in the litigation" standard to determine which party is the "prevailing party." *Id.* (citing *Mrs. Fields Brand, Inc. v. Interbake Foods LLC*, 2018 WL 300454, at *2 (Del. Ch. Jan. 5, 2018)); *see also Cignex Datamatics, Inc. v. Lam Rsch. Corp.*, 2022 WL 4548630, at *3 (D. Del. Sept. 29, 2022) (citing cases), *appeal dismissed*, 2022 WL 19732830 (3d Cir. Dec. 9, 2022). "[T]o achieve predominance, a litigant should prevail on the case's chief issue." *Mrs. Fields*, 2018 WL 300454, at *2; *see APEX*, 2022 WL 9991424, at *2; *Duncan v. STTCPL, LLC*, 2020 WL 829374, at *15 (Del. Super. Ct. Feb. 19, 2020).

In some cases, there may be more than one chief issue. *Mrs. Fields*, 2018 WL 300454, at *3. In situations where each party has prevailed on one or more of the chief issues, courts may determine that neither party is entitled to a fee award. *APEX*, 2022 WL 9991424, at *2 (collecting cases); *see also Duncan*, 2020 WL 829374, at *15 ("Where the parties split their success in such circumstances, the Court may find that neither party prevailed.").

5

### 2. Chief Issues in the Case

The parties dispute what the chief issues in the case were. When analyzing chief issues, courts should not "parse the parties' level of success claim-by-claim." *Mrs. Fields*, 2018 WL 300454, at *2-3; *see APEX*, 2022 WL 9991424, at *2-3 (D. Del. Oct. 17, 2022).

I find that there are four chief issues in this case: (1) whether AgroFresh owed the Mir Parties royalty payments (e.g., Counts III and IV of the Mir Parties' Amended Complaint (D.I. 13 at 18-21)); (2) whether the Private Settlement Agreement and Final Consent Judgment improperly protect an AgroFresh trade secret or inhibit Dr. Mir from using his own trade secret[4] (Counts I and II of the Mir Parties' Amended Complaint (D.I. 13 at 14-18)); (3) whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing assignment documents for foreign patent applications; and (4) whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by challenging the enforceability of those contracts when they filed this lawsuit. Both parties argue that other issues are also chief issues. I disagree for the reasons stated below.

#### a. The Return of the Promissory Note

The Mir Parties appear to argue that their motion to compel AgroFresh to return the promissory note constitutes a chief issue. (*See* D.I. 151 at 15-16; D.I. 158 at 4-6; D.I. 160 at 3-4). AgroFresh contends this was only a "subsidiary issue." (D.I. 159 at 5-6; D.I. 161 at 4-5).

The Final Consent Judgment required the Mir Parties to pay $340,000 to AgroFresh. (D.I. 8-3, Ex. CC § 7(p)). Under the terms of the Private Settlement Agreement, the Mir Parties executed

---

[4] It is not clear what this trade secret is or whether there is actually one. The Mir Parties do not claim to own a trade secret. (*See* D.I. 38 at 5). The Mir Parties attempted to get AgroFresh to define one but failed to cite any authority to support their argument. (*Id.*). This is, however, what I believe the substance of their claims to be.

a promissory note for $290,000 to secure the payment obligation. (D.I. 8-1, Ex. AA § 3). During this case, the Mir Parties satisfied their obligation by paying the $290,000 ahead of time. (D.I. 62 at 3). The Mir Parties moved to compel AgroFresh to mark the promissory note satisfied and return the promissory note to the Mir Parties. (*Id.* at 6). I granted the Mir Parties' motion. (D.I. 95).

I do not think this is a chief issue. The return of the promissory note was not part of the Amended Complaint. (D.I. 13). As AgroFresh points out, the Mir Parties previously argued that the return of the promissory note did "not impact [AgroFresh's] ability to prosecute its claims against [the Mir Parties]" (D.I. 66 at 2), and I had already dismissed all the Mir Parties' claims when I granted the motion to compel. (D.I. 39, 41). This issue was not central to the case, and it had no bearing on either party's claims. I think the Mir Parties overstate the impact and content of my order instructing AgroFresh to return the promissory note.

Therefore, I find that the return of the promissory note was not a chief issue.

### b. AgroFresh's Counterclaims Have Chief Issues

AgroFresh contends that its counterclaims were not the chief issue in this case and that my analysis should only consider the issues raised in the Mir Parties' Amended Complaint. (D.I. 154 at 10-12; D.I. 159 at 44). The Mir Parties appear to disagree. (*See, e.g.*, D.I. 151 at 1-2 (arguing they prevailed on AgroFresh's counterclaims)).

I think AgroFresh's counterclaims are chief issues in the case. The Mir Parties' claims were dismissed early on before discovery took place. But for AgroFresh's counterclaims, this litigation would have been resolved years ago. Much of this case, as AgroFresh concedes, focused entirely on AgroFresh's counterclaims. (D.I. 154 at 12 (admitting that discovery progressed only on its counterclaims)). AgroFresh contends that the Mir Parties' claims were more important, but I do not think that relegates AgroFresh's counterclaims to being minor issues. Indeed, the remedy

7

AgroFresh initially sought (execution of the money judgment, attorneys' fees as damages, and specific performance) is hardly minor.

AgroFresh cites to *Gillespie v. Dring*, 2022 WL 1741888, at *3 (3d Cir. May 31, 2022), for the proposition that its compulsory counterclaims were not the main issue in the case. I think *Gillespie* is inapposite. First, *Gillespie* is not binding precedent and concerns Pennsylvania law. *Id.* at *2. Second, the Third Circuit noted that, in assessing prevailing party status, the court "examine[s] whether the defendant advanced counterclaims that are related in some way to the main complaint or require proof outside the scope of the plaintiff's claims." *Id.* at *3. The Third Circuit noted that the defendants' counterclaim "was nearly identical to its affirmative defense." *Id.* I do not think AgroFresh's counterclaims are so closely related to their defenses. (*Compare* D.I. 19 at 39 (listing affirmative defenses), *with id.* at 51-58 (detailing counterclaims)).

Therefore, I do not think AgroFresh's counterclaims are minor issues in this case.[5]

### c. AgroFresh's Counterclaims Have Two Chief Issues

As noted, I think AgroFresh's counterclaims contain two chief issues: (1) whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by not executing

---

[5] Concluding that AgroFresh's counterclaims were minor issues in the case, despite being the only claims at issue for most of the case, would lead to the perplexing result that the main issues in the case (at least as measured by the amount of time and effort spent on them) were not a "chief issue" in the case. Such a determination would mean that AgroFresh would have essentially litigated its counterclaims in a no-lose situation once the Mir Parties' claims were dismissed. If AgroFresh prevailed on their counterclaims, they would have succeeded. If AgroFresh did not prevail on their counterclaims, the Mir Parties still would have covered AgroFresh's attorneys' fees and costs. I do not think a fee-shifting provision is meant to promote this type of "heads I win, tails you lose" gamesmanship.

8

assignment documents for foreign patent applications and (2) whether the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment by filing this lawsuit.[6]

AgroFresh treats Counterclaims I and IV together as an additional chief issue. (D.I. 154 at 12-13). AgroFresh seems to contend that these counterclaims are a different issue because the remedy they request, the execution on the money judgment, is different from the other counterclaims. I disagree.

The basis for the execution on the money judgment is the Mir Parties' alleged breach of the Private Settlement Agreement and Final Consent Judgment. (*See* D.I. 19 ¶¶ 49-50 ("Dr. Mir and MirTech have failed to execute required assignment documents and have challenged the enforceability of the Final Consent Judgment and Private Settlement Agreement. Because of this, AgroFresh may execute on the Final Judgment in the amount of $340,000 . . . ."), ¶¶ 71-72 ("[The Mir Parties] have breached the terms of the Private Settlement Agreement and Final Consent Judgment. Accordingly, AgroFresh seeks a declaration that it is entitled to execute on the Final Consent Judgment.")). Because the substantive issue underlying these claims are the same breach of contract claims underlying the other counterclaims, I do not think the resolution of Counterclaims I and IV is a separate chief issue.[7]

---

[6] I have gone back and forth on whether these two breach of contract issues are one or two chief issues. If I were to conclude that they were one, I would come to the same overall conclusion.

[7] Even if Counterclaims I and IV represent a separate chief issue, I do not think that AgroFresh can be said to have prevailed on it. The Mir Parties paid off what they owed under the promissory note early and the issue became moot. The Mir Parties did not pay off the note as a result of any action I took, and they did not concede any issue by doing so. AgroFresh contends that it prevailed on the issue as its rights were vindicated, and it obtained the relief it sought. (D.I. 154 at 12-13). AgroFresh cites three cases for support, but those cases all concern prevailing party status in civil rights actions under 42 U.S.C. § 1988, not a fee-shifting provision in a contract. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Doe v. Busbee*, 684 F.2d 1375, 1378 (11th Cir. 1982); *Institutionalized Juvs. v. Sec'y of Pub. Welfare*, 758 F.2d 897, 910 (3d Cir. 1985). Civil rights cases involve a different standard. *Compare Hensley*, 461 U.S. at 433 ("A typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any

Therefore, I think there are two chief issues to AgroFresh's counterclaims, which are the two different theories for breach of contract.

### 3. Discerning Who Prevailed on Each Issue

#### i. Royalties Owed to the Mir Parties

AgroFresh contends it prevailed on these issues because the Mir Parties' Counts III (breach of contract) and IV (unjust enrichment) were dismissed with prejudice. (*Id.* at 11).

The Mir Parties argue that the issue of royalty payments is irrelevant. (D.I. 158 at 13). The Mir Parties contend that even though the two counts were dismissed with prejudice, AgroFresh did not prevail on this issue because "the dismissal of this issue does not materially alter the legal relationship between the parties." (D.I. 158 at 13 n.23).

Both parties agree that a party prevails when the opposing party's claims are dismissed with prejudice. (*See* D.I. 151 at 8 (arguing a party that obtains a dismissal with prejudice on an opposing party's claim is the prevailing party); D.I. 154 at 11-12). Both parties cite patent cases, in which attorneys' fees are governed by 35 U.S.C. § 285, for this proposition.

I agree that a party that obtains a dismissal with prejudice on an opponent's claim prevails on that issue. While the Mir Parties argue that the dismissal with prejudice did "not materially alter the legal relationship between the parties," the Mir Parties cite caselaw that states the opposite. (*See* D.I. 158 at 14 n.23). *See also Internet Media Interactive Corp. v. Shopify Inc.*, 2020 WL 6196292, at *3 (D. Del. Oct. 22, 2020) (finding defendant prevailed on plaintiff's claim when plaintiff voluntarily dismissed the claim with prejudice under Rule 41(a)(1)(A)(i)); *Tech.*

---

significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (citation and internal quotation marks omitted)) *with APEX*, 2022 WL 9991424, at *2 ("In determining which party should be considered the 'prevailing party,' Delaware courts apply the 'predominance in the litigation' standard."). Therefore, if this were another chief issue, I would find that neither party prevailed on this issue as it became moot.

10

*Innovations, LLC v. Amazon.com, Inc.*, 2013 WL 4409462, at *3 n.4 (D. Del. Aug. 15, 2013) (citing cases); *Callaway Golf Co. v. Slazenger*, 384 F. Supp. 2d 735, 746 (D. Del. 2005) ("A defendant, who has obtained from a claimant a voluntary dismissal with prejudice can be classified as a 'prevailing party.'").

Therefore, I find that AgroFresh prevailed on the chief issue of whether it owed royalties to the Mir Parties.

### ii. Enforceability of the Private Settlement Agreement and Final Consent Judgment

AgroFresh argues it prevailed on Counts I, II, and V, despite those claims being dismissed without prejudice. (D.I. 154 at 11). AgroFresh contends that the dismissals have become final as the Mir Parties chose to stand on the complaint and not to amend. (*Id.*). AgroFresh further argues Counts I, II, and V, cannot be brought again because the statutes of limitations for those claims have expired. (*Id.* (citing 18 U.S.C. § 1836(d)). Because the claims cannot be brought again, AgroFresh argues that they are final and thus analogous to a dismissal with prejudice. (*Id.* (citing *Internet Media Interactive Corp. v. Shopify Inc.*, 2020 WL 6196292, at *3 (D. Del. Oct. 22, 2020))).

The Mir Parties argue that they prevailed by establishing that the "Judgment is materially 'unenforceable and invalid'" because AgroFresh's counterclaims were dismissed. (D.I. 158 at 2). As an initial matter, AgroFresh's counterclaims were not seeking a declaration that the Judgment was enforceable. The counterclaims were for breach of contract. Relatedly, I have never held that the Private Settlement Agreement and Final Consent Judgment were invalid and unenforceable. A motion for prevailing party status is not the appropriate stage of the case to be arguing the merits of unresolved issues. Therefore, I reject the Mir Parties' argument that they prevailed on the issue

11

because they established the Private Settlement Agreement and Final Consent Judgment to be unenforceable and invalid.

The Mir Parties refer to the fact that Counts I, II, and V of their amended complaint were dismissed without prejudice and with leave to amend. (D.I. 151 at 16-17). I take the Mir Parties to be arguing that a dismissal without prejudice does not mean AgroFresh prevailed on this issue.

I agree with AgroFresh that it prevailed on the issue of whether the Private Settlement Agreement and Final Consent Judgment were unenforceable. Even though I dismissed the Mir Parties' claims without prejudice and with leave to amend (D.I. 39), the Mir Parties chose not to amend the complaint. (D.I. 41). AgroFresh cites to *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 477 (3d Cir. 2006), for the proposition that a dismissal without prejudice becomes a final order when the plaintiff "elected to stand on the complaint." (D.I. 154 at 11). *Morton* concerned whether a dismissal without prejudice was a final order that would provide an appellate court with jurisdiction, as opposed to identifying a prevailing party on an issue. I think that similar logic would apply to deciding the prevailing party issue. The Mir Parties previously expressed that they "do not intend to amend the complaint" (D.I. 41), and they have not done so. Furthermore, AgroFresh argues that the statutes of limitations on the Mir Parties' claims have expired (D.I. 154 at 11 (citing 18 U.S.C. § 1836(d)), meaning the claims are no longer viable. The Mir Parties do not address this. This is not a situation where the dismissal "has no preclusive effect on the plaintiff's ability to re-file" or has no "material alteration of the legal relationship of the parties." *Wakefern Food Corp. v. Marchese*, 2022 WL 1639044, at *2 (D.N.J. May 24, 2022).

12

Because the Mir Parties are unable to raise these claims again, I think AgroFresh has prevailed on this chief issue, notwithstanding the fact the claims were initially dismissed without prejudice.

### iii.   Breach by Not Executing Assignment Documents

I find that the Mir Parties prevailed on the issue of whether they breached the Private Settlement Agreement and Final Consent Judgment because I dismissed all the underlying claims either with or without prejudice.

I dismissed the claims pertaining to the European patent application without prejudice. (D.I. 106; D.I. 133). AgroFresh might still be able to re-file the claims, although it seems unlikely. Therefore, to the extent either party prevailed on this sub-issue, it would be the Mir Parties.

AgroFresh contends that it prevailed on the portions of Counterclaim III pertaining to the Chilean, Indian, and Canadian patent applications because I granted partial summary judgment that the Mir Parties breached their obligations by failing to execute documents related to these applications.[8] AgroFresh argues that it is irrelevant that it did not recover damages from these breaches because the prevailing party inquiry focuses on the substantive issues, not damages. (D.I. 161 at 7). AgroFresh argues that the portion of Counterclaim III that was dismissed with prejudice was only a minor portion. (D.I. 154 at 14).

---

[8] The Mir Parties argue they have prevailed on this issue because I granted summary judgment in error. (D.I. 151 at 11-14; D.I. 158 at 8-9). I already denied the Mir Parties' motion for reargument on this issue. (D.I. 131, 132). Similarly, the Mir Parties also argue that I lack subject matter jurisdiction over this case. (D.I. 151 at 15; D.I. 158 at 11-13). I denied the Mir Parties' motion to dismiss for lack of subject matter jurisdiction (D.I. 145) and their motion for reargument on the issue (D.I. 162). A motion for attorneys' fees is not the appropriate vehicle to reargue these issues. It seems even more inappropriate since the decisions on those issues have become final as a result of not being timely appealed. Therefore, I reject the arguments on these issues.

I do not think AgroFresh prevailed on this issue because those claims were ultimately dismissed with prejudice. While I granted AgroFresh partial summary judgment on the issue of breach, the issue of damages was unresolved. (D.I. 107 at 10). Proving damages is an element of a breach of contract claim under Delaware law. *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (noting "the resultant damage to the plaintiff" as an element of a breach of contract claim). AgroFresh's breach of contract claims pertaining to the execution of the assignment documents for the foreign patents were resolved when I dismissed those claims with prejudice. I do not think AgroFresh can be said to have prevailed on its claims when those claims were dismissed with prejudice.

AgroFresh cites *Ivize of Milwaukee, LLC v. Compex Litig. Support, LLC*, 2009 WL 1111179, at *14 (Del. Ch. Apr. 27, 2009), for support. In *Ivize*, the plaintiff was determined to have prevailed on its breach of contract claim, despite not proving damages with the required certainty. *Id.* The Chancery Court noted that under Delaware law, "whether a party has prevailed is determined by looking at the outcome of the substantive issues, not damages." *Id.* The Chancery Court went on to award $1 in nominal damages and then awarded attorneys' fees.

*Ivize* is distinguishable because there the court found the plaintiff prevailed on its breach of contract claim and awarded it nominal damages. The plaintiff's claims were not dismissed. In this case, no such award was made to AgroFresh, and its claims were dismissed with prejudice. Thus, *Ivize* is inapposite.

Because I dismissed the claims pertaining to the non-European patent applications with prejudice, I find that the Mir Parties prevailed on the issue of whether it breached the Private Settlement Agreement and Final Consent Judgment by not executing assignment documents for foreign patent applications.

14

### iv. Breach By Filing This Lawsuit

I find that the Mir Parties prevailed on the issue of whether they breached the Private Settlement Agreement and Final Consent Judgment by filing this lawsuit because I dismissed this claim with prejudice. (D.I. 144). AgroFresh is therefore barred from asserting this claim in the future.

AgroFresh contends that this was just a "minor part" of Counterclaim III. (D.I. 154 at 14). I take AgroFresh to be arguing that this is not a chief issue in the case. I disagree. This was a separate theory by which AgroFresh asserted the Mir Parties breached the Private Settlement Agreement and Final Consent Judgment.[9] *See APEX*, 2022 WL 9991424, at *2 (D. Del. Oct. 17, 2022) (finding two theories for breach of contract were two separate chief issues).

Therefore, I find the Mir Parties prevailed on this issue.

### 4. Determining the Prevailing Party

A party must achieve predominance in the litigation to be a prevailing party. *Id.* at *3. Delaware courts have found that merely succeeding on a plurality of issues is not sufficient to be a prevailing party for purposes of attorneys' fees. *See id.* at *2, *4 (finding no prevailing party when plaintiff prevailed on one of the three chief issues and defendant prevailed on the other two chief issues); *Vianix Delaware LLC v. Nuance Commc'ns, Inc.*, 2010 WL 3221898, at *28 (Del. Ch. Aug. 13, 2010) (declining to award attorneys' fees to party that won a plurality of issues as a matter of equity).

Because each side has prevailed on two chief issues in this case, I find that neither party has achieved "predominance in the litigation." Indeed, all asserted claims have been resolved so that

---

[9] The Mir Parties separately argue that their duty not to challenge the enforceability of the Private Settlement Agreement and Final Consent Judgment was discharged. (D.I. 158 at 11-12). As noted earlier, a motion for attorneys' fees is not the proper vehicle to be arguing merits.

the side that asserted them (with the arguable exception of the accelerated payment of the $108,750 on the promissory note,[10] *see* D.I. 61-5) has gained nothing. I find that neither party is a prevailing party. As such, each party shall bear its own attorneys' fees.

### B. The Mir Parties' Motion for Attorneys' Fees Under § 285

The Mir Parties argue that they are entitled to attorneys' fees under 35 U.S.C. § 285 because AgroFresh litigated this case in an unreasonable manner, making this case exceptional. (D.I. 151 at 7-8). AgroFresh argues that § 285 does not apply as this is case does not involve patent litigation. (D.I. 159 at 5).

This case does not arise under patent law. *See Wilson v. Cont'l Dev. Co.*, 112 F. Supp. 2d 648, 666 (W.D. Mich. 1999), *aff'd*, 234 F.3d 1271 (6th Cir. 2000) ("Although a patent is involved in this case, the case did not arise under the patent laws. Plaintiff's complaint was neither for infringement nor for declaratory judgment rights under a patent."); *Argus NeuroOptics, LLC v. Matthews*, 2011 WL 3759485, at *4 (E.D.N.C. Aug. 25, 2011) ("35 U.S.C. § 285 only supports an award of attorney's fees in exceptional cases arising under the patent laws."); *Calypso Bay, L.L.C. v. State Farm Fire & Cas. Co.*, 2008 WL 4286492, at *3 (E.D. La. Sept. 18, 2008). The Mir Parties do not address how this case arises under patent law. While some of the claims involve patents, the claims do not concern patent rights or claims under patent law.

Therefore, the Mir Parties' motion for attorneys' fees under § 285 is frivolous and is denied.

### C. The Mir Parties' Motion for Attorneys' Fees Under 6 Del. C. § 2532(a)

In their reply brief, the Mir Parties argue that AgroFresh violated 6 Del. C. § 2532(a). The Mir Parties contend they are entitled to attorneys' fees under 6 Del. C. § 2533(b). The Mir Parties do not raise this argument in their opening brief. It is too late to be raising it in their reply brief.

---

[10] As noted above, I do not find this to be a chief issue in the case.

16

"Arguments raised for the first time before a district court in a reply brief are deemed forfeited." *In re: Niaspan Antitrust Litigation*, 67 F.4th 118, 135 (3d Cir. 2023). The Mir Parties forfeited this argument.

### III.   CONCLUSION

For the reasons stated above, the Mir Parties' motion for attorneys' fees is DENIED and AgroFresh's motion for attorneys' fees is DENIED.

An appropriate order will issue.