IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH, INC. and DR. NAZIR MIR,<br><br>Plaintiffs,<br><br>v.<br><br>AGROFRESH, INC.,<br><br>Defendant. | Civil Action No. 20-1170-RGA |

MEMORANDUM ORDER

Defendant timely filed a motion for reargument of the order denying Defendant attorney's fees. (D.I. 177). Plaintiffs responded. (D.I. 178).

Motions for reargument are to be sparingly granted. D.Del. LR 7.1.5. Such motions are appropriately granted where the movant demonstrates: "(1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." *Carroll v. Astrue*, 2010 WL 900095, at *1 (D. Del. March 12, 2010). Accordingly, the "grant of reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided." *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

Before the appeal, both sides had moved for attorney's fees as the prevailing party. (D.I. 151; D.I. 153). The parties had extensively litigated this case. Litigation over Plaintiffs' claims did not last long; they were finished by October 25, 2021. (D.I. 175 at 3). Defendant's counterclaims were the bulk of the case, at least in terms of litigation effort, and they were essentially resolved after another nearly two years of litigation, in July 2023. (D.I. 144; D.I. 145).

Defendant says there was clear error of law and fact in my conclusion that, under Delaware law, neither party was a prevailing party. (D.I. 177 at 1). Defendant says there is "new evidence," that is, Plaintiffs' "unsuccessful appeal to the Third Circuit." (*Id.*).

Defendant's argument disagrees with the legal and factual analysis in my opinion. For the most part, Defendant simply disagrees with my analysis, saying, "AgroFresh clearly predominated in the litigation." (D.I. 177 at 2).

I have reviewed my opinion, relevant briefing, the amended complaint, and the relevant agreements. Defendant makes one point about something I did not state that I considered (and that I do not remember considering), which is the argument that Plaintiffs sought $46 million by their amended complaint. (D.I. 177 at 3 n.1, citing D.I. 154 at 4-5; *see also* D.I. 161 at 1).[1] Defendant says everything else paled in comparison to this huge number. Defendant further states that Plaintiffs did not respond to this argument. Having reread Plaintiffs' brief, the assertion that there was no response appears to be true. (*See* D.I. 158). In the briefing on reargument, Plaintiffs do not argue that it was not seeking $46 million; instead, Plaintiffs respond that the "discredited rehashed argument fails for the same reasons it failed before." (D.I. 178 at 2). The "reasons it failed before"? Because Plaintiffs obtained some relief in connection with the $290,000 promissory note. (*Id.*). But I found that the promissory note was "not a chief issue." (D.I. 175 at 7). So that is not why the $46 million argument "failed before."

While considering the $46 million argument, I reviewed the various agreements that were at issue in Plaintiffs' complaint. One thing that caught my attention was the language of the

---

[1] Defendant states Plaintiffs "sought '4% of net sales of all Products related to 1-methylcyclopropene ("1-MCP") or modified atmospheric packaging sold since January 1, 2011.'" (D.I. 154 at 4-5). Defendant makes its argument for "net sales" on the basis of SEC filings reporting net sales for 2015 through 2020. ((*Id.*).

Private Settlement Agreement, which is the basis for the attorney's fees litigation. "In the event of any . . . litigation . . . by which one Party seeks to *enforce its rights under this Agreement, the Promissory Note, or the Final Consent Judgment,* the prevailing Party shall be awarded reasonable attorneys' fees . . . ." (D.I. 13-2, Exh. C, § 15) (emphasis added). Does Plaintiffs' amended complaint seek to enforce its rights under any of the three named documents? I am not sure that it does. Here's how I described the amended complaint at the motion to dismiss stage:

> Counts I, II, and V depend on the existence of a trade secret. For Count I, the Mir Parties purport to assert a claim pursuant to the Defend Trade Secrets Act of 2016 (the "DTSA"), 18 U.S.C. § 1836(b)(1). (D.I. 13 ¶¶ 55-62). . . .
> Count II has an unilluminating and somewhat confusing title: "The Court Order Stated as a Settlement Agreement Is No Longer Enforceable as to AF's Trade Secret." (D.I. 13 ¶¶ 63-71). Despite the title, Count II appears in substance to be a claim that the Final Consent Judgment and Private Settlement Agreement should be construed and struck down as unreasonable and, therefore unlawful, non-compete agreements. . . .
> Count V is titled "Declaratory Judgment" and recites at length the statutes and case law setting forth the Court's authority to issue declaratory judgments. (D.I. 13 ¶¶ 93-97). But Count V does not clearly and expressly set forth what the Mir Parties would like the Court to declare or the grounds pursuant to which they are entitled to those declarations. . . .
> AgroFresh contends that Counts III and IV for breach of contract and unjust enrichment, respectively, are barred by the release in the Private Settlement Agreement or, in the alternative, by the statute of limitations. . . .
> Counts III and IV are based on AgroFresh's purported failure to pay royalties under the Commercial Agreement and Consulting Agreement. . . .

(D.I. 38 at 5-8).

I may have made a "clear error of law or fact" either in regard to the $46 million argument or in assuming that the prevailing party provision was actually applicable to Plaintiffs' amended complaint.[2] Therefore, I will grant reargument and the parties will be able to brief these two issues.

---

[2] I am not suggesting that the prevailing party provision has no applicability to the case, since Defendant's counterclaims sought to enforce its rights under the agreement.

Defendant's second argument about "new evidence" is not supported by anything other than the accurate statement that dismissal of the appeal for lack of jurisdiction made the earlier decisions truly final. (D.I. 177 at 3). The appeal therefore changed nothing that had been earlier decided, and therefore it is not "new evidence."

Therefore, Defendant's motion for reargument (D.I. 177) is GRANTED. The reargument is limited to the issues identified in this order. Defendant should file an opening brief, Plaintiffs an answering brief, and Defendant a reply brief. Defendant's opening brief is due two weeks from today.

IT IS SO ORDERED this 31st day of January 2025.

_____
United States District Judge