IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIRTECH, INC., et al.,                          :
                                                :
                        Plaintiffs,             :
                                                :
            v.                                  :       Civil Action No. 20-1170-RGA
                                                :
AGROFRESH, INC.,                                :
                                                :
                        Defendant.              :

**MEMORANDUM**

This case ended on the merits after the Court of Appeals dismissed Plaintiffs' untimely

appeal.  Soon thereafter, I entered an order on pending motions for attorneys' fees. (D.I. 176).  I

denied both sides' requests for attorneys' fees.

The denial of the motions for attorneys' fees left one pending motion, that of Plaintiffs

for sanctions.  (D.I. 152).

Defendant sought reargument on the denial of its motion for attorneys' fees.  (D.I. 177).

Plaintiffs opposed.  (D.I. 178).  I sought more information. (D.I. 179).  Both sides responded

simultaneously.  Defendant wrote a five-page letter with attachments. (D.I. 181).  Plaintiffs wrote

a four-page pleading with attachments. (D.I. 180).

Three business days after receiving the two supplemental submissions, on January 31,

2025, I resolved both the reargument motion and the sanctions motion.  I granted Defendant's

request for reargument and set a schedule for rearguing the merits of Defendant's motion for

attorneys' fees. (D.I. 185).  Separately, the same day, I explained why I was denying Plaintiffs'

pending motion for sanctions (D.I. 183), and I entered an order (D.I. 184) denying Plaintiffs'
motion, awarding Defendant attorneys' fees in relation to the sanctions motion, and setting a
schedule for determining the amount of attorneys' fees.[1]

There followed a blizzard of motions by Plaintiffs, three on February 3, another one on
February 4, another one on February 5, and, following a weekend, another one on February 10.
(D.I. 186; D.I. 187; D.I. 188; D.I. 189; D.I 190; D.I. 191).  I now resolve all but D.I. 190.

Plaintiffs' first motion (D.I. 186) is a puzzler.  It was filed with a cover page that has
nothing to do with the rest of the motion.  (*Id.* at 1 of 5). The second page is captioned, in
relevant part, as "motion … for leave to amend (ECF 180) to correct errors in statements of fact
in the original filing."

The motion does not just "correct errors."  I compared the original filing (D.I. 180) with
the proposed amended filing (D.I. 186-2).  The original filing is three and one-half pages long;
the proposed amended filing is five pages long.  Plaintiffs' original filing (D.I. 180) included
nearly a page devoted to block-quoting a request for admission and its responses.  (*Id.* at 3). The
proposed amended version does not contain that material.  (D.I. 186-2 at 3). There are other
differences. For example, in the original filing, Plaintiffs had a paragraph about the results of a
Indian docket search, which included two points.  In the amended filing, Plaintiffs had a
corresponding paragraph that now included six points.  The original, with attachments, is 22
pages long.  (D.I. 180). The amended version, with attachments, is 48 pages long. (D.I. 186-2).  I
am not sure which "errors in statements of fact" Plaintiffs are trying to correct, because they
don't identify them.  I am sure, however, that Plaintiffs have done much more than simply
correct typographical or factual errors. In essence, the proposed amended filing is a different

---

[1] That schedule is on hold.  (D.I. 195).

argument based on a different factual analysis. Plaintiffs have offered no reason why they should be allowed to substitute an amended pleading for an earlier pleading after I have made a ruling based on the earlier pleading. I will deny the first motion.

Plaintiffs' second motion (D.I. 187) is a "motion . . . for leave to file surreply (sur-reply) to new declaration, and new arguments of the supplemental briefs . . . of Defendant." Defendant's only "new" argument and declaration were the five-page letter (D.I. 181) and a three-page declaration (D.I. 182). Defendant's "new" argument and declaration were filed at the same deadline that Plaintiffs filed their last pleading. (D.I. 180; D.I. 181; D.I. 182). My use of Defendant's "new" materials was limited. After the filing, I issued two opinions and an order. One opinion was on Plaintiffs' motion for sanctions. (D.I. 183). I cited D.I. 181 (as well as Plaintiffs' corresponding letter) in the sanctions opinion. I said:

> I was not certain from the record whether the October 6, 2020 Indian assignment document had been filed with the Indian Patent Office. It seemed strange to me that after obtaining the "properly signed" document (D.1. 163 at 6), Defendant appeared to have done nothing with it. I followed up that concern with an oral order asking the parties if the October 6, 2020 assignment was filed. (D.1. 179). Both parties advised that it had not been filed in the Indian Patent Office. (D.I. 180 at 2; D.I. 181 at 1). The oral order requested, if it had not been filed, whether there was any information in the record why not. (D.I. 179). The answer was that the explanation was not in the record. (D.I. 180 at 4; D.I. 181 at 1).
>
> Defendant nevertheless proceeded to explain why the Indian assignment document had not been filed after October 6, 2020, even though it was "properly signed." In short, Defendant says it had not been "properly signed," and the statement to the contrary was "incorrect." (D.I. 181 at 3 n.l). Defendant stated that it was not properly signed for two reasons. I understand one of them, which is that the purported date of Plaintiff Mir's signature was backdated by more than two years and therefore "false." *(Id* at 1-2). The other one, which is that Plaintiff Mir signed in an individual capacity rather than as an officer of the MirTech corporation, is less obvious, mostly because Plaintiff Mir signed the exact document Defendant asked him (albeit two years earlier) to sign. *(Id* at 3; *compare* D.I. 8-4 at 4-5 of 19 *with* D.I. 8-6 at 11-12 of 14). I take it Defendant wanted Plaintiff Mir to add his corporate title (D.I. 181 at 3 n.1), which he did not. In any event, I am satisfied that the failure to file the Indian assignment document with the Indian Patent Office does not show that Defendant and its counsel did not have good reason to believe that they needed to pursue Plaintiffs to get the signed documents in the form they believed was needed.

(D.I. 183 at 6-7). I did not cite D.I. 180 and D.I. 182 in the reargument opinion (D.I. 185) or the related scheduling order (D.I. 184).

I will deny the motion for leave to file a sur-reply because: (1) there is no right to file a sur-reply, (2) while I cited D.I. 181 in the sanctions opinion, the points for which I relied upon it, in the first of the two quoted paragraphs, were agreed, and (3) Plaintiffs' submission, if allowed, would not result in me changing my ultimate opinion in the second quoted paragraph.

Plaintiffs' third motion (D.I. 188) is a motion for reconsideration of the sanctions opinion. Plaintiffs summarize their arguments:

> It is clear error of law and fact for the Court to grant attorney fees (on the basis that Plaintiffs have failed to show any false statement) to a Defendant that admits to making false statements. It is clear error of law and fact for the Court to state Plaintiffs have failed to show any false statement. It is clear error of law and fact for the Court to state: i) Both parties advised that it had not been filed in the Indian Patent Office; and ii) Defendant stated that it was not properly signed for two reasons. I understand one of them, which is that the purported date of Plaintiff Mir's signature was backdated by more than two years and therefore "false."

(D.I. 188 at 7-8) (cleaned up).

Essentially, Plaintiffs make three arguments. One seems to be that if a party made a false statement, the party should be sanctioned. There is a distinction between an intentional false statement and an erroneous statement. Defendant admitted it made an erroneous statement,[2] but I do not think that it was done knowingly or intentionally. Thus, when I say Defendant did not make a false statement, what I mean is that I accept Defendant's explanation that it made an error and Defendant was not knowingly and intentionally trying to deceive anyone, including me. Plaintiffs' second point—that the so-called October 6, 2020 deed of assignment was filed in the

---

[2] Defendant called it an "oversight." (D.I. 181 at 3 n.1). The statement was that the October 6, 2020 deed of assignment was "properly signed." Defendant's position was that the deed of assignment was "not properly signed." (*Id.*).

Indian Patent Office—makes no sense. I went back to D.I. 180. On p. 2, Plaintiffs state, "The only Deed of Assignment on the docket is the February 6, 2019 version." On p. 4, Plaintiffs state, "The docket search of the Official website of Intellectual Property India at [web address] reveals the only Deed of Assignment on the docket is the February 6, 2019 version." Even now, Plaintiffs submit documents purporting to show that the only deed of assignment on the docket of the Indian Patent Office was the February 6, 2019 version, "uploaded" on February 6, 2019. (D.I 186-2 at 11 of 48 (highlighted in yellow)). Plaintiffs' third point, which is merely me describing what I understand Defendant's argument about backdating to be, is not erroneous.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). It must rely on one of three grounds: (1) a change in controlling law; (2) new evidence; or (3) the need to correct clear error or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Plaintiffs state that there is clear error that needs to be corrected. For the reasons stated above, I do not think there is any error, let alone any clear error. I will deny the motion to reconsider the sanctions opinion.

Plaintiffs' fourth motion is to strike Defendant's submissions at D.I. 181 and D.I. 182. (D.I. 189). The two documents were directed to the questions I asked, and, in any event, are not disputed on the main points for which I used them. I will deny the motion to strike the two documents. Any other relief requested by this motion is just a rehash of the arguments Plaintiffs previously made.

Plaintiffs' last motion (D.I. 191) is a motion to exceed page limits. It includes an approximately ten-page "supplement" that they want to add to their motion for reconsideration of

the Sanctions opinion (i.e., D.I. 188).  There is a reason why motions to reconsider are limited to ten pages.  D.Del. LR 7.1.5(a).  Plaintiffs offer no good reason why they should get to add ten pages to the motion they filed seven days earlier.  I will deny the motion to exceed page limits.

I will enter a separate order consistent with these rulings.

_Richard G. Andrews_   8/1/25
United States District Judge