IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIRTECH, INC. and DR. NAZIR MIR,<br><br>        Plaintiffs/Counter-Defendants,<br><br>v.<br><br>AGROFRESH, INC.,<br><br>        Defendant/Counter-Plaintiff. | Civil Action No. 20-1170-RGA |

MEMORANDUM ORDER

I. BACKGROUND

All claims and counterclaims in this case have been resolved. Both parties moved to be declared the prevailing party and/or for attorneys' fees. (D.I. 151, 153). I denied both motions. (D.I. 176). Defendant filed a motion for re-argument, which I granted, indicating the parties could brief two issues. (D.I. 177, 185). The parties have filed briefs. (D.I. 193, 199, 203). Plaintiffs filed a motion for re-argument/reconsideration of my grant of Defendant's motion for re-argument. (D.I. 190). Plaintiffs responded to Defendant's motion. (D.I. 197). I have reviewed all the briefing.

II. DISCUSSION

In my opinion denying Defendant's motion to be declared the prevailing party, I determined there were four chief issues, and that each party prevailed on two. (D.I. 175 at 15–16). Since each party prevailed on two chief issues, I determined neither predominated in the litigation. (*Id.*).

In my opinion granting Defendant's motion for re-argument, I acknowledged that, in denying Defendant's motion to be declared the prevailing party, I did not think I had considered

1

that Plaintiffs sought $46 million in their amended comp+laint. (D.I. 185 at 2). I also noticed the language of the Private Settlement Agreement at issue in this case, which states that when "one Party seeks to enforce its rights under this Agreement, the Promissory Note, or the Final Consent Judgment, the prevailing Party shall be awarded reasonable attorneys' fees." (*Id.* at 2–3) (citing D.I. 13-2, Ex. C § 15). I was unsure if Plaintiffs' amended complaint sought to enforce its rights under any three of those documents. (D.I. 185 at 3). I allowed the parties to brief those two issues. (*Id.* at 2–3). Plaintiffs admit that they sought to enforce their rights under the Private Settlement Agreement. (D.I. 199 at 9). No one wants me to reconsider that. (*Id.*; D.I. 193 at 3). So I will not. Thus, the only argument for me to consider is the $46 million argument.

The parties spend most of the supplemental briefing arguing about whether Plaintiffs addressed, in their original prevailing party briefing, the fact that Plaintiffs sought $46 million in their amended complaint.[1] (*See* D.I. 193 at 1; D.I. 199 at 4). Even assuming Plaintiffs did not address the $46 million argument in their original prevailing party briefing, I think my original decision stands. In my opinion denying both parties' motions for attorneys' fees, I concluded that neither party predominated because both prevailed on two chief issues. (D.I. 175 at 15). Defendant does not explain, in any of its briefing, why the dollar amount sought in Plaintiffs' amended complaint changes the prevailing party analysis. (*See* D.I. 154, 159, 161, 177, 193, 203). In its supplemental reply brief, Defendant argues, "[T]here was only one chief issue in the case—[Plaintiffs'] Amended Complaint seeking $46+ million in damages and to undo the Agreement and Judgment." (D.I. 203 at 3). Defendant previously argued that was a "main"

---

[1] Plaintiffs said, in their brief in opposition to Defendant's motion to be declared the prevailing party, "Defendant makes further false exculpatory statements by arguing the irrelevant issue of royalty payments." (D.I. 158 at 13). Plaintiffs do not specifically address the fact that they sought $46 million in their amended complaint.

issue. (D.I. 193 at 2). My determination that there were four chief issues was not the subject of the re-argument. And this argument was first offered in Defendant's reply brief, and is thus forfeited. *See In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023).

"[W]hether a party prevailed is determined by reference to substantive issues, not damages." *West Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, 2009 WL 458779, at *9 (Del. Ch. Feb. 23, 2009). Defendant does not argue, and cites no case indicating, that the amount of damages sought and not received by Plaintiffs is an independent chief issue. As I explained before, both parties prevailed on two chief issues, so neither party predominated in the litigation. That Plaintiffs sought $46 million in their amended complaint does not change that analysis.

My decision denying Defendant's motion to be declared the prevailing party (D.I. 175) stands. Plaintiffs' motion to reconsider my grant of Defendant's motion for re-argument (D.I. 190) is DISMISSED as moot.

IT IS SO ORDERED.

Entered this 9th day of September, 2025

/s/ Richard G. Andrews
United States District Judge